# LEVITT v KACY MANUFACTURING COMPANY

Docket No. 76944. Submitted November 14, 1984, at Lansing.—Decided January 31, 1985.

On November 10, 1983, Lewis A. Levitt and Roberta B. Levitt filed a products liability action in Oakland Circuit Court against Kacy Manufacturing Company for damages which allegedly arose when Lewis Levitt was injured by a lawn mower manufactured by Kacy. Service of process was made upon Kacy in Illinois on November 14, 1983. Defendant delivered the summons and complaint to its insurance broker, which in turn delivered them to an insurance management company, which then in turn, on November 16, 1983, delivered them to a claims adjuster employed by an underwriting and claims management firm, which, prior to September 30, 1983, had provided claims adjustment services to defendant's insurer. The summons and complaint remained in the hands of the adjuster until December 27, 1983, when he forwarded the papers to defendant's insurer. On December 15, 1983, plaintiffs filed with the court a default and affidavit of default. On January 3, 1984, plaintiffs filed a motion for default judgment. On January 19, 1984, defense counsel filed an appearance, and on January 25, 1984, defense counsel filed an answer, demand for jury trial and a motion to set aside the default. Following a hearing on the motion to set aside the default, the circuit court, Hilda R. Gage, J., denied the motion, holding that, although defendant's affidavit of facts showed a meritorious defense, defendant had not shown "excusable neglect". Following a hearing by the court on the question of damages, a default judgment was entered in favor of plaintiffs, with Lewis Levitt being awarded $114,300 in damages and Roberta Levitt being awarded $15,000. Defendant appealed. *Held:*

1. The policy of this state favors the meritorious determination of issues and encourages the setting aside of defaults.

2. The setting aside of a default requires a showing of good

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 3] 46 Am Jur 2d, Judgments § 708.

[2, 3] What constitutes "good cause" allowing federal court to relieve party of his default under Rule 55(c) of Federal Rules of Civil Procedure. 29 ALR Fed 7.

[3] 46 Am Jur 2d, Judgments § 718.

cause and a meritorious defense. A showing of "good cause" for the purpose of the setting aside of a default, as opposed to the setting aside of a default judgment, does not require a showing of "excusable neglect". Accordingly, the trial court abused its discretion in applying the higher "excusable neglect" standard.

3. While negligence of an insurer and its agents which result in a default can and will be imputed to the defendant, the mere existence of negligence will not prevent the finding of good cause.

4. Since the trial court found that there was a meritorious defense and since the delay in defendant's filing of an answer was the result of the erroneous transmittal of the summons and complaint to the claims adjusting facility which had severed its relationship with defendant's insurer because the insurer was in receivership, the motion to set aside the default should have been granted.

Reversed and remanded.

1. JUDGMENTS — DEFAULT — PUBLIC POLICY.

The policy of this state favors the meritorious determination of issues and encourages the setting aside of a default; the policy against setting aside default judgments that have been properly entered does not apply where the defaulting party moves to set aside the default before a default judgment is entered and has preserved its objection to the trial court's denial of its motion to set aside the default.

2. JUDGMENTS — DEFAULT — GOOD CAUSE — DEFAULT JUDGMENT — EXCUSABLE NEGLECT.

It is an abuse of discretion for a trial judge, in deciding a motion to set aside a default, to treat the good cause requirement in the applicable court rule as requiring a showing of excusable neglect; while a showing of good cause for the purpose of the setting aside of a default judgment may involve the showing of excusable neglect, the excusable neglect standard should not be used in considering a motion to set aside a default made before entry of a default judgment (GCR 1963, 520.4).

3. JUDGMENTS — DEFAULT — NEGLIGENCE — GOOD CAUSE.

The negligence of an insurer resulting in a default can and will be imputed to the insured; however, the mere existence of negligence does not prevent a finding of good cause for the purpose of a motion to set aside the default (GCR 1963, 520.4).

*Joseph D. Zeleznik* and *Bruce T. Leitman,* for plaintiffs.

*Vandeveer, Garzia, Tonkin, Kerr, Heaphy, Moore, Sills & Poling, P.C.* (by *Thomas M. Peters*), for defendant.

Before: WAHLS, P.J., and R. M. MAHER and R. E. NOBLE,* JJ.

PER CURIAM. In this product liability suit, default judgment was entered in favor of plaintiffs, in the amount of $114,300 for Lewis Levitt and $15,000 for Roberta Levitt. Defendant appeals as of right both from the order denying its motion to set aside the default and from the default judgment. We believe the circuit judge abused her discretion in failing to set aside the default. Accordingly, we set aside the default and default judgment and remand for trial.

Defendant failed timely to appear in circuit court due to the mishandling of the summons and complaint by an agent or former agent of its insurer. Following is a chronology of the events leading to the default judgment:

*November 10, 1983.* The complaint was filed in Oakland County Circuit Court.

*November 14, 1983.* Service of process was made upon defendant in Illinois. The summons and complaint were delivered to defendant's insurance broker, which in turn passed them on to an insurance management company.

*November 16, 1983.* The papers were received by Curt Arndt of Transco, an underwriting and claims management facility. Transco's relationship with defendant's insurer had apparently been severed effective 9/30/83.

*December 15, 1983.* Plaintiffs filed default and

* Circuit judge, sitting on the Court of Appeals by assignment.

affidavit of default. Defendant was not served with notice of this act.

*December 27, 1983.* Curt Arndt notified plaintiffs' attorney that defendant's insurer was in receivership and no work would be done on the case until 1/27/84; Arndt forwarded the summons and complaint to defendant's insurer with a note that a filing extension had been granted.

*January 3, 1984.* Plaintiffs filed a motion for default judgment.

*January 19, 1984.* Defense counsel filed an appearance.

*January 25, 1984.* Defense counsel filed an answer, demand for jury trial and motion to set aside default.

*February 1, 1984.* Oakland Circuit Judge Hilda Gage denied the motion to set aside because, although the affidavit of facts showed a meritorious defense, defendant had not shown "excusable neglect or whatever the applicable language is".

*February 8, 1984.* Following a hearing on damages, default judgment was awarded plaintiffs in the amount stated above.

*February 17, 1984.* A written order denying the motion to set aside default was entered and stated in part that the court "finds no excusable neglect of good cause".

It is evident that, after being served, defendant promptly placed the summons and complaint in the normal channels leading to its insurer. The papers passed rapidly and successfully through two levels before going astray. Curt Arndt apparently should never have received the papers, but, in any event, he had no explanation why, having

received them, he took no action on them for more than a month. Plaintiffs' attorney admits receiving a phone call from Arndt on December 27, 1983, but denies that he gave a filing extension or was even asked for one. With this one exception, there is no dispute over the facts.

The policy of this state favors the meritorious determination of issues and encourages the setting aside of defaults. *Wood v Detroit Automobile Inter-Ins Exchange,* 413 Mich 573, 585-586; 321 NW2d 653 (1982); *Bigelow v Walraven,* 392 Mich 566, 574; 221 NW2d 328 (1974); *Walters v Arenac Circuit Judge,* 377 Mich 37, 47; 138 NW2d 751 (1966) (O'HARA, J.), quoted in *Freeman v Remley,* 23 Mich App 441, 448; 178 NW2d 816 (1970).

We realize that this Court on occasion has stated that "the policy of this state is against setting aside defaults and default judgments that have been properly entered". *Dogan v Michigan Basic Property Ins Ass'n,* 130 Mich App 313, 320; 343 NW2d 532 (1983); *Thomas v Jones,* 120 Mich App 191, 192; 327 NW2d 433 (1982). However, in *Dogan, supra,* and *Thomas, supra,* this Court focused on the default judgments and did not separately consider the defaults. Therefore, we do not believe that the policy stated in those cases was intended to apply to the instant case where defendant has separately preserved its objection to the circuit court's denial of its motion to set aside the default.

GCR 1963, 520.4 provides in part:

> "For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 528. * * * A proceeding to set aside default or a default judgment, except when grounded on want of jurisdiction over the defendant, shall be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed."

The "good cause" requirement may be satisfied by showing:

"(1) a substantial defect or irregularity in the proceedings upon which the default was based, (2) a reasonable excuse for failure to comply with the requirements which created the default, or (3) some other reason showing that manifest injustice would result from permitting the default to stand." 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 662, quoted in *Bigelow, supra,* p 576, fn 15.

Consistent with the differing policies of this state toward setting aside defaults and default judgments as noted above, a lesser showing is required to establish good cause to set aside a default. This proposition is suggested by GCR 1963, 520.4 itself, which provides that, where a default judgment has been entered, a motion to set aside is to be decided according to the guidelines set forth in GCR 1963, 528. Where a default alone has been entered, the court rules do not limit the court's discretion. Furthermore, we find persuasive the federal court's treatment of the analogous federal rules, FR Civ P, 55(c) and 60(b). "[F]ederal courts are willing to grant relief from a default entry more readily and with a lesser showing than they are in the case of a default judgment." 10 Wright, Miller & Kane, Federal Practice and Procedure (2d ed), § 2692, p 471. For example, in *Meehan v Snow,* 652 F2d 274 (CA 2, 1981), the court of appeals reversed the district court's refusal to set aside a default, because the district court had applied the higher "excusable neglect" standard for setting aside a default judgment.

In the instant case, Judge Gage announced from the bench that "the established policy is against setting aside defaults which have been regularly entered" and defendant had not shown "excusable

neglect or whatever the applicable language is, to justify the setting aside of the default". Her decision constitutes an abuse of discretion inasmuch as it relies on a stricter policy and a more rigorous standard than is embodied in the "good cause" element for setting aside defaults.

Default procedures serve to keep the court dockets current and to prevent dilatory defendants from impeding the plaintiff in establishing his claim. *Bigelow, supra,* p 576. Neither of these interests has been appreciably offended in the instant case by the delay of a little more than a month. Plaintiffs have not alleged any prejudice, and costs and other conditions clearly may be imposed on defendant according to Rule 520.4. Furthermore, any costs due to defendant's lateness in answering the complaint are greatly outweighed by the large sum of money in damages that plaintiffs claim, and which defendant might well avoid at a trial on the merits.

The negligence of an insurer resulting in a default can and will be imputed to the insured. *Asmus v Barrett,* 30 Mich App 570, 574-575; 186 NW2d 819 (1971). However, the mere existence of negligence does not prevent a finding of good cause. See *Walters, supra; Asmus, supra,* p 574. In her opinion from the bench, Judge Gage did not address the specific negligence that occurred in this case but focused on the problem of companies insulating themselves from default procedures by engaging multiple levels of insurance personnel who must handle suit papers. Judge Gage would seem to require that a defendant send litigation papers which are served on him directly to his insurer or else proceed "at their own peril". We do not believe the specific facts of this case justify the application of such a generalized policy towards this defendant's employment practice.

Apparently, when defendant's insurer went into receivership, its relationship with Transco was severed without adequate notice to defendant or the insurance management company. Thus, the suit papers were erroneously sent to Transco's employee, Curt Arndt, who, before the insurer was placed in receivership, had handled the claims during the prelitigation stage. We believe that the errors in providing notice and in handling the suit papers, arising out of the unusual problems associated with the insurer's being in receivership, provide a reasonable excuse for defendant's delay in filing an answer to plaintiff's complaint.

Default and default judgment set aside and case remanded.