DOLLAR RENT-A-CAR SYSTEMS v NODEL CONSTRUCTION

Docket No. 92463. Submitted April 8, 1988, at Detroit. Decided
    November 8, 1988.

    Dollar Rent-A-Car Systems brought an action in the Oakland
    Circuit Court alleging negligence and breach of contract relat-
    ing to the faulty design and construction of a building by Nodel
    Construction Company, Inc., Urban Engineering Company and
    architect Bob Seger. A default was entered by the trial court,
    Robert C. Anderson, J., on March 18, 1983, as to Seger on the
    basis of his failure to answer the complaint. On March 12,
    1986, plaintiff served Seger with notice of a request for the
    entry of a default judgment. A jury trial commenced on March
    17, 1986. The trial court directed a verdict in favor of Urban
    Engineering and the jury subsequently returned a verdict
    against Seger, setting damages at $436,000. On May 7, 1986,
    the trial court signed a judgment which was consistent with the
    verdict. Seger appealed, claiming that the trial court should
    have set aside the default and that the notice of the request for
    entry of a default judgment was not timely. Plaintiff cross-
    appealed, claiming error in the trial court's grant of a directed
    verdict in favor of Urban Engineering on the basis of insuffi-
    ciency of evidence.

    The Court of Appeals held:

    1. The trial court did not abuse its discretion in refusing to
    set aside the default entered against Seger.

    2. Where, as here, the complaint did not state a specific
    amount demanded, notice of a request for a default judgment
    must be served on the party against whom the judgment is
    sought at least seven days before any hearing or trial at which
    the amount of damages is determined. In this case, the notice
    was served less than seven days before trial commenced. Thus,
    the notice was not timely and the entry of the default judg-
    ment must be reversed and the case remanded for an eviden-

REFERENCES
Am Jur 2d, Appeal and Error § 849.
Am Jur 2d, Judgments §§ 1152 et seq., 1173 et seq., 1186 et seq.
See the Index to Annotations under Default Judgment; Direction of
    Verdict.

tiary hearing on the issue of damages. On remand, Seger shall be entitled to the right to a jury trial if a timely demand therefor was made, to present evidence, and to cross-examine witnesses.

3. The trial court did not err in directing a verdict in favor of Urban Engineering. The evidence presented by plaintiff against this defendant was insufficient to establish the requisite causal connection to damages as a matter of law under either a tort or contract claim. A third theory of improper initial investigation of the building site was not sufficiently addressed at the proceedings below and cannot be considered on appeal.

Affirmed in part, reversed in part, and remanded.

1. JUDGMENTS — DEFAULT — SETTING ASIDE DEFAULT — APPEAL.
   The determination of whether or not to set aside a default is committed to the sound discretion of the trial court and will not be reversed on appeal absent a clear abuse of discretion.

2. JUDGMENTS — DEFAULT — NOTICE — COURT RULES.
   A party, against whom a default has been entered for his failure to answer a complaint which did not state a specific amount of damages demanded, must be served with notice of any hearing or trial at which the amount of damages will be determined at least seven days before such hearing or trial (MCR 2.603[B][3][b]).

3. JUDGMENTS — DEFAULT — ADJUDICATION OF DAMAGES.
   Once a valid default is taken, the defaulting party remains entitled to full participatory rights in any hearing necessary for the adjudication of damages, including the right to a jury trial if a timely demand therefor was made, to present evidence, and to cross-examine witnesses.

4. MOTIONS AND ORDERS — DIRECTED VERDICT — INSUFFICIENCY OF EVIDENCE — APPEAL.
   The Court of Appeals, in reviewing a claim that a defendant's motion for a directed verdict on the ground of insufficiency of evidence was granted in error, views the evidence in a light most favorable to the plaintiff, giving plaintiff the benefit of every reasonable inference that can be drawn from the evidence; if, under this view of the evidence, reasonable men could differ, the motion for a directed verdict should have been denied.

*Hertzberg, Jacob & Weingarten, P.C.* (by *David Murphy* and *Joel D. Applebaum*), for Dollar Rent-A-Car Systems.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen, P.C.* (by *Fred W. Gerow* and *Christine D. Oldani*), for Urban Engineering Company.

*Allan B. Schmier, P.C.* (by *Robert P. Geller*), for Bob Seger.

Before: Holbrook, Jr., P.J., and MacKenzie and N. A. Baguley,* JJ.

Per Curiam. Suit was brought for damages sustained as a result of allegedly faulty design and construction of a building contracted for by plaintiff. Liability against both defendant Bob Seger, an architect, and defendant Urban Engineering Company, the firm retained to provide "survey engineering services," was premised on breach of contract and negligence. Seger was precluded from participating in the trial due to his default. During trial, the court dismissed the claims against Urban Engineering by entering a directed verdict in its favor. At the conclusion of trial, the jury returned a verdict of damages in the amount of $436,000 against Seger, who appeals as of right. Plaintiff cross-appeals in order to challenge the ruling that Urban Engineering was entitled to a directed verdict.

Defendant Seger first argues that the trial court should have set aside the default on the basis of Seger's showing of excusable neglect arising from his reliance on representations made by plaintiff's counsel. Although Seger's assertion of excusable neglect could suggest that he is seeking relief pursuant to MCR 2.612(C), which governs relief from judgments or orders generally, we construe his argument as premised upon the more specific provision for setting aside a default in MCR

---

* Circuit judge, sitting on the Court of Appeals by assignment.

2.603(D). The "good cause" requirement of the latter rule, see MCR 2.603(D)(1), imposes a less strenuous showing of reasonable excuse on the party seeking to avoid the default than the "excusable neglect" ground for relief from a final judgment provided in MCR 2.612(C)(1)(a). See *Levitt v Kacy Mfg Co,* 142 Mich App 603; 370 NW2d 4 (1985). The determination of whether or not to set aside a default is committed to the sound discretion of the trial court and will not be reversed on appeal absent a clear abuse of discretion. *Deeb v Berri,* 118 Mich App 556, 561; 325 NW2d 493 (1982). We find no abuse of discretion. Seger's failure to retain counsel or to otherwise protect his own interests over a substantial period of time during which he was aware of the suit is inexcusable. The reasons put forth for his omission to act are untenable. See *First Bank of Cadillac v Benson,* 81 Mich App 550, 554-555; 265 NW2d 413 (1978). We further discern no manifest injustice that would result if the default is permitted to stand.

Seger next argues that notice of the request for default judgment was untimely. MCR 2.603(B) provides in pertinent part:

(B) Default Judgment.
(1) Notice of Request for Judgment.
(a) A party seeking a default judgment must give notice of the request for judgment to the defaulted party
(i) if the party against whom the judgment is sought has appeared in the action;
(ii) if the request for entry of judgment seeks relief different in kind from, or greater in amount than, that stated in the pleadings; or
(iii) if the pleadings do not state a specific amount demanded.
(b) The notice required by this subrule must be

served at least 7 days before entry of the requested judgment.

\* \* \*

(3) Default Judgment Entered by Court. In all other cases the party entitled to a judgment by default must apply to the court for the judgment.

\* \* \*

(b) If, in order for the court to enter judgment or to carry it into effect, it is necessary to

(i) take an account,

(ii) determine the amount of damages,

(iii) establish the truth of an allegation by evidence, or

(iv) investigate any other matter,

the court may conduct hearings or order references it deems necessary and proper, and shall accord a right of trial by jury to the parties to the extent required by the constitution.

In this case, Seger was entitled to notice pursuant to the foregoing because the complaint did not state a specific amount in its demand for damages. The question remains whether plaintiff complied with the seven-day provision of MCR 2.603(B)(1)(b).

Seger was personally served with process at the commencement of this case. Because he did not answer the complaint or otherwise appear, default was entered on March 18, 1983. In accordance with the procedure then prevailing under the General Court Rules of 1963, notice of entry of default was not given to Seger, see GCR 1963, 107.1(1), 520.1,[1] although Seger was aware of the pendency of proceedings against him. By motion filed on March 18, 1986, plaintiff requested entry of a default judgment pursuant to MCR 2.603(B)(3).

---

[1] Seger additionally contends that his attendance at his deposition amounts to an appearance. Even if this contention is accepted as true, Seger had made no appearance prior to the time of the entry of default.

The notice of request for the default judgment required by MCR 2.603(B)(1) was served on March 12, 1986. Trial commenced March 17, 1986. Judgment for damages against Seger was entered when the trial judge signed the judgment on May 7, 1986. See MCR 2.602(A). Therefore, if the requirement of MCR 2.603(B)(1)(b) is taken literally, it was not violated; the notice of request for default judgment, given on March 12, 1986, preceded the May 7 entry date by well over the requisite seven days.

However, we find this construction to be untenable. It is clear that the purpose of the notice requirement is to apprise the defaulting party of the possibility of entry of judgment so that he may have an opportunity to participate in any hearing necessary to ascertain the amount of damages or other form of remedy to be granted. *White v Sadler,* 350 Mich 511, 519; 87 NW2d 192 (1957); *Meyer v Walker Land Reclamation, Inc,* 103 Mich App 526, 540-541; 302 NW2d 906 (1981). This underlying purpose is premised on the distinction between the entry of default and the entry of judgment: the former operates as an admission by the defaulting party of issues of liability, but leaves the issues of damages unresolved until entry of judgment. *Wood v DAIIE,* 413 Mich 573, 578; 321 NW2d 653 (1982); *Meyer, supra,* p 540. The latter reduces the default to a judgment for money damages. Once a valid default is taken, the defaulting party remains entitled to full participatory rights in any hearing necessary for the adjudication of damages, including the right to a jury trial if a timely demand therefor was made, to present evidence, and to cross-examine witnesses. *Wood, supra,* pp 583-585; *Meyer, supra,* pp 540-541. In keeping with these principles, we hold that the seven-day requirement must be applied with refer-

ence to any hearing or trial necessitated by the request for judgment when that hearing occurs on a date preceding the actual entry of the default judgment. A contrary construction would defeat the purposes and policies underlying MCR 2.603 if applied to deny the defaulting party less than seven days' advance notice of the onset of the hearing or trial fixing the amount of damages.

We note that the former court rules explicitly required that notice be served seven days "prior to the hearing on such application" for judgment by default. GCR 1963, 520.2(2). Although the present form of the court rule tends to obscure this problem, apparently assuming that the hearing provided by MCR 2.603(B)(3)(b) will occur contemporaneously with the entry of judgment, we do not believe that the draftsmen of the present court rules intended to thereby diminish the rights of the defaulting party. Rather, our holding is consistent with the principle that court rules are to be construed to further the meritorious disposition of cases. *American Central Corp v Stevens Van Lines, Inc,* 103 Mich App 507, 513; 303 NW2d 234 (1981).

For reasons already stated, the decision of the trial court to deny Seger the right to present evidence and to cross-examine witnesses solely on damages was also erroneous. Accordingly, we affirm the entry of default, but reverse the entry of judgment by default and remand for an evidentiary hearing on the issue of damages consistent with the remedy provided in *Meyer, supra,* p 541.

In its cross-appeal, plaintiff argues that the trial court erred by granting Urban Engineering a directed verdict on the ground of the insufficiency of the evidence. In reviewing this claim, it is our function to view the evidence in a light most favorable to plaintiff, giving plaintiff the benefit of

every reasonable inference that can be drawn from the evidence. If, under this view of the evidence, reasonable men could differ, the motion for a directed verdict should have been denied. See *Boggerty v Wilson,* 160 Mich App 514, 522; 408 NW2d 809 (1987), lv den 430 Mich 851 (1988).

We have reviewed plaintiff's claim under this standard and conclude that the proofs were insufficient to establish the requisite element of causation for the damages associated with the flooding of plaintiff's building. One of plaintiff's theories of recovery was that Urban Engineering set the grade stakes, which were used as a point of reference to determine the elevation of a floor at the time of the pouring of concrete. However, Richard Nodel, a principal of the general construction contractor, testified without contradiction that the stakes were not in place at the time that the floor was poured. Rather, Nodel fixed the level of the floor in accordance with the contractor's own setting of the elevation level. Therefore, reasonable minds could not attribute the causation of flooding to any improper setting of the grade stakes by Urban Engineering. Although Nodel was impeached by his deposition testimony that the floor was poured in accordance with Urban Engineering's stakes, this testimony had no substantive evidentiary value. See *Smith v Woronoff,* 75 Mich App 24, 30-31; 254 NW2d 637 (1977), lv den sub nom *Smith v Love,* 402 Mich 902 (1978). We further find no error arising from judicial comments made during the trial court's ruling granting a directed verdict. The trial judge's state of familiarity with construction matters did not amount to personal knowledge of any factual matters heard at trial, but rather was used as an aid to understanding the evidence presented in the normal course of trial.

A second theory of recovery was that Urban Engineering improperly set stakes used to fix the elevations for the drainage system. However, the evidence established that the design fixing the elevations resulted from architectural malfeasance, not from any conduct attributable to Urban Engineering. The pitch of the drainage pipe was the responsibility of Nodel. Expert testimony established that the slope of the drainage pipe was too shallow, thereby deviating slightly from the design, and causing a malfunction because dirt clogged it up and blocked the runoff of draining water. However, the same expert testified that the drainage system would have caused flooding even if constructed as designed. From this evidence, we discern no reasonable inference that could attribute causation of the flooding to the allegedly improper placement of the stakes for the drainage system by Urban Engineering.

We conclude that the evidence on each of the two theories asserted by plaintiff was insufficient to establish the requisite causal connection to damages as a matter of law, either on a tort claim, *Nicholson v Children's Hospital of Michigan,* 139 Mich App 434; 363 NW2d 1 (1984), lv den 421 Mich 854 (1985), or on the recasting of the same facts as an alleged breach of a contractual duty to provide services required for a suitable building, *Walter Toebe & Co v Dep't of State Highways,* 144 Mich App 21, 36; 373 NW2d 233 (1985), lv den 424 Mich 860 (1985). A third theory of improper initial investigation of the building site was neither addressed in a meaningful evidentiary sense during trial nor asserted during the hearings conducted on the motion for a directed verdict. Since this theory is now raised only on a belated basis, we will not consider it. See *Bajis v City of Dearborn,*

151 Mich App 533, 536; 391 NW2d 401 (1986), lv den 426 Mich 874 (1986). The entry of a directed verdict was proper.

Affirmed in part, reversed in part, and remanded.