KOMEJAN v SUBURBAN SOFTBALL, INC

Docket No. 105310. Submitted May 4, 1989, at Lansing. Decided August 7, 1989. Leave to appeal applied for.

Terry Komejan brought a negligence action against Suburban Softball, Inc., in the Oakland Circuit Court. On March 21, 1986, a default was entered. On April 16, 1986, the court denied entry of a default judgment. On March 23, 1987, the court set aside the denial of a default judgment and, on its own motions, considered and refused to set aside the default on the ground that it had been entered over a year earlier. On May 6, 1987, defendant moved to set aside the default, alleging that the default was the fault of defendant's liability insurer and that defendant had a good defense to the action. The court, Jessica R. Cooper, J., denied the motion on the ground that the default had been entered over a year earlier and entered judgment for plaintiff. Defendant appealed.

The Court of Appeals *held*:

1. The court erred in holding defendant's motion to be untimely. A motion to set aside a default is timely if filed before entry of judgment.

2. Under the facts of this case, the motion should have been granted.

Reversed and remanded.

1. JUDGMENTS — DEFAULT JUDGMENT — RELIEF FROM JUDGMENT.

A motion to set aside a default or a default judgment, except when grounded on lack of jurisdiction over the defendant, shall be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed (MCR 2.603[D][1]).

2. MOTIONS AND ORDERS — DEFAULT — SETTING ASIDE DEFAULTS — TIMELINESS.

A motion to set aside a default is timely if filed before entry of judgment (MCR 2.603[D]).

3. JUDGMENTS — DEFAULT JUDGMENT — RELIEF FROM JUDGMENT.

Good cause for setting aside a default judgment includes (1) a

REFERENCES

Am Jur 2d, Judgments §§ 682, 686, 708 *et seq.*

See the Index to Annotations under Default Judgments.

substantial defect or irregularity in the proceedings upon which the default was based, (2) a reasonable excuse for failure to comply with the requirements which created the default, or (3) some other reason showing that manifest injustice would result from permitting the default to stand (MCR 2.603[D]).

4. JUDGMENTS — DEFAULT JUDGMENT — RELIEF FROM JUDGMENT — MANIFEST INJUSTICE.

Where manifest injustice is claimed if a default judgment is allowed to stand, good cause for setting aside the default may exist when the evidence presented, if proved, would establish a meritorious defense, there is no evidence that the defendant intentionally attempted to delay adjudication of the plaintiff's claim by failing to file a timely answer, the plaintiff had not been prejudiced by the defendant's default, and the period of the defendant's inactivity was not unreasonably long (MCR 2.603[D]).

*Chambers, Steiner, Mazur, Ornstein & Amlin, P.C.* (by *Angela J. Nicita*), for plaintiff.

*Denenberg, Tuffley, Bocan, Jamieson, Black, Hopkins & Ewald, P.C.* (by *Michael J. Black* and *Dana L. Ramsay*), for defendant.

Before: WAHLS, P.J., and WEAVER and CAVANAGH, JJ.

WAHLS, P.J. Defendant, Suburban Softball, Inc., appeals from a November 23, 1987, order of the Oakland Circuit Court granting a default judgment to plaintiff, Terry Komejan, and requiring defendant to pay plaintiff $350,000, together with costs and interest. We reverse the trial court's order and remand the case for further proceedings.

On October 16, 1984, plaintiff, born on July 5, 1950, filed a lawsuit against defendant seeking an award for injuries he sustained on May 23, 1984, while playing softball on premises owned and operated by defendant. Plaintiff, while acting as a catcher, sustained "a comminuted fracture of the right femur" when another player collided with

him. In his complaint, plaintiff alleged that defendant had been negligent by breaching its duty "to properly supervise, instruct, teach and set out guidelines for those participating in the playing of softball on the premises." The complaint was served on Dirk Dieters, defendant's resident agent, on November 5, 1984. No answer was filed, and on March 21, 1986, plaintiff filed an entry of default. Notice of the entry of default was mailed to defendant, and on March 26, 1986, plaintiff filed a motion for the issuance of a default judgment. On April 16, 1986, a hearing on plaintiff's motion was conducted. Counsel for plaintiff did not appear, and counsel for defendant explained:

> At the time of service [of the complaint in this] case, the matter was referred to the defendant['s], Suburban Softball's[,] insurance carrier, and we hadn't heard anything more concerning the case until receipt of this particular motion.

On that same day, the trial court issued an order denying plaintiff's motion for a default judgment.

On March 11, 1987, plaintiff filed a "motion to set aside the order denying default judgment." On March 23, 1987, a hearing on the motion was conducted. The trial court, without discussion or explanation, granted the motion to set aside the earlier order denying plaintiff's request for the issuance of a default judgment and then, although no motion to set aside the March 21, 1986, entry of default had been filed, the court nevertheless went on to consider whether the entry of default could be set aside. The sole reason propounded by the trial court for its decision not to set aside the entry of default was that the latter had been filed more than one year earlier. May 1, 1987, was scheduled for a hearing regarding the amount of damages owed to plaintiff by defendant.

At the May 1, 1987, damages hearing, defendant's attorney requested that the trial court delay the hearing and allow defendant to file a motion to set aside the entry of default, prompting the trial court to characterize any action in conformity with this request as "inappropriate" because "this [was] a matter that was before this court with extensive argument" at a prior hearing. Defense counsel's requests to cross-examine the two witnesses presented regarding the injuries plaintiff had sustained, including plaintiff himself and a vocational rehabilitation counselor with a bachelor's degree in psychology and a master's degree in counseling, were denied by the trial court. At the conclusion of the hearing, the trial court stated that it would "review the proofs and issue an opinion within the next two weeks."

On May 6, 1987, defendant filed a motion to set aside the March 21, 1986, entry of default. In the brief filed in support of this motion, defendant stated:

> On October 15, 1984, plaintiff filed an action in the Oakland County Circuit Court naming Suburban Softball . . . as [a] defendant. The proof of service filed by plaintiff indicates that a copy of the complaint was served upon Dirk Dieters as agent for Suburban Softball. Mr. Dieters informed his representative of the action. A copy of the complaint was forwarded to Suburban Softball's liability carrier, but, for some unknown reason, the carrier did not assume Suburban Softball's defense. Mr. Dieters was, however, under the impression that the carrier was actively handling the case.
>
> Unfortunately, Suburban Softball's liability insurer failed to file an answer on behalf of Suburban Softball in the action. It was not until March or April of 1986, when Dirk Dieters' personal attorney, Lee Jones, was coincidentally in court on

another matter, that it was learned that no an-
swer had been filed on behalf of Suburban Softball.
It was at this time that the attorney contacted
Suburban Softball's insurer and again apprised it
of the action.

In an affidavit filed with its motion, defendant
stated that it could not be held liable for failing to
properly instruct and teach patrons to play soft-
ball because it had never undertaken to provide
such services, that plaintiff had, by signing certain
waiver forms prior to having played softball on
defendant's premises, expressly released defendant
from any liability arising out of injury sustained
while on defendant's premises, and that plaintiff
had caused, or contributed to, his own injuries by
playing softball in a reckless manner while intoxi-
cated. At the May 13, 1987, hearing on defendant's
motion, the trial court told defendant's attorney
that it had already twice denied defendant's mo-
tion to set aside the default and indicated that "I
am not going to set aside the default so I don't
know why you're here." The sole reason recited by
the trial court for its continuing objection to set-
ting aside the March 21, 1986, entry of default was
that the latter had been filed more than one year
before defendant had sought to set it aside.

On November 23, 1987, the trial court entered a
default judgment which provided for payment by
defendant to plaintiff of $350,000, together with
costs and interest.

In this appeal, defendant raises two issues, the
first of which we conclude requires us to reverse
the trial court's order denying defendants's motion
to set aside the March 21, 1986, entry of default,
to set aside the trial court's November 23, 1987,
default judgment, and to remand the case for
further proceedings.

On appeal, defendant argues that the trial court abused its discretion in denying its motion to set aside the entry of default because the court based its decision to deny the motion on the erroneous assumption that an entry of default cannot be set aside if it is entered more than one year before the filing of a motion to set it aside. Moreover, defendant contends that the proper considerations for determining the propriety of setting aside an entry of default, namely, whether the moving party has shown good cause for its failure to have timely answered the complaint and has presented a meritorious defense, have been established, thus entitling it to relief in the form of the setting aside of the March 21, 1986, entry of default. We agree.

In our analysis of this issue, the following portions of two court rules, MCR 2.603(D) and MCR 2.612(C), are relevant:

Setting Aside Default.

(1) A motion to set aside a default or a default judgment, except when grounded on lack of jurisdiction over the defendant, shall be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed.

(2) Except as provided in MCR 2.612, if personal service was made on the party against whom the default was taken, the default, and default judgment if one has been entered, may only be set aside if the motion is filed

(a) before entry of judgment, or

(b) if judgment has been entered, within 21 days after the default was entered.

(3) In addition, the court may set aside an entry of default and a judgment by default in accordance with MCR 2.612. [MCR 2.603(D).]

Grounds for Relief From Judgment

(1) On motion and on just terms, the court may relieve a party or the legal representative of a

party from a final judgment, order, or proceeding on the following grounds:

(a) Mistake, inadvertence, surprise, or excusable neglect.

(b) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under MCR 2.611(B).

(c) Fraud (intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party.

(d) The judgment is void.

(e) The judgment has been satisfied, released, or discharged; a prior judgment on which it is based has been reversed or otherwise vacated; or it is no longer equitable that the judgment should have prospective application.

(f) Any other reason justifying relief from the operation of the judgment.

(2) The motion must be made within a reasonable time, and, for the grounds stated in subrules (C)(1)(a), (b), and (c), within one year after the judgment, order, or proceeding was entered or taken. A motion under this subrule does not affect the finality of a judgment or suspend its operation. [MCR 2.612(C).]

Regarding the interrelation of the time limits set forth in these two court rules, it has been stated:

If personal service was made upon the party against whom the default was taken, MCR 2.603(D) provides that it shall not be set aside unless application is made either before the entry of judgment or within 21 days after the default judgment was entered, except as provided in MCR 2.612. This means that the motion to set aside the entry of default may be filed at any time before the entry of judgment. After the entry of the default judgment, a party has 21 days to move to set it aside under the provisions of MCR 2.603. After that 21 day time period, a default judgment may only be set aside if good cause is shown, an affidavit of facts showing a meritorious defense is

filed, and the requirements of MCR 2.612 [are] met.

\* \* \*

> To summarize the interrelationship between MCR 2.603(D) and MCR 2.612(C): A motion to set aside an entry of default may be made any time before judgment is entered; thereafter a motion to set aside the judgment may be made within a reasonable time, subject to the one year limitation in most cases but not all. [3 Martin, Dean & Webster, Michigan Court Rules Practice (3d ed), pp 384-385.]

In the present case, the circuit court relied on the one-year period of limitation set forth in MCR 2.612(C)(2) regarding relief from final judgments, orders, or other proceedings in denying defendant's motion to set aside the March 21, 1986, entry of default, even though MCR 2.603(D) specifies that a motion to set aside an entry of default may be filed if, among other things, it was filed "before entry of judgment." At each of the times the trial court denied defendant's motion to set aside the entry of default in this case, no default judgment had yet been entered. In its motion, defendant emphasized this by stating:

> A default was entered against Suburban Softball on or about March 19, 1986 . . . . No default judgment has, as yet, been entered against Suburban Softball . . . . Pursuant to MCR 2.603(D), Suburban Softball is entitled to have the default set aside.

Our perusal of the record convinces us that the trial court assumed that it had no authority to grant defendant's motion to set aside the entry of default because the motion had been filed more than one year after the default had been entered. This was an erroneous assumption. Generally, a

decision concerning whether to set aside a default is committed to the sound discretion of the trial court and will not be reversed on appeal absent a showing of a clear abuse of that discretion. *Dollar Rent-A-Car Systems v Nodel Construction,* 172 Mich App 738, 741; 432 NW2d 423 (1988). In this case, to the extent that the trial court denied defendant's motion solely on the basis that the motion had been filed more than one year after the default had been entered, the trial court failed to exercise its discretion at all. See *Diversified Equipment Leasing Corp v Booth,* 67 Mich App 206, 212; 240 NW2d 482 (1976); *Miller v Rondeau,* 174 Mich App 483, 486; 436 NW2d 393 (1988). The failure of the trial court to exercise its discretion in this matter constitutes a clear abuse of discretion and necessitates that we reverse the trial court's order denying defendant's motion to set aside the March 21, 1986, entry of default.

Moreover, we are convinced that the trial court should have granted defendant's motion on the merits of the issue. As noted above, MCR 2.603(D)(1) provides that a party moving to set aside a default must establish both good cause and a meritorious defense. Regarding the establishment of good cause, this Court has stated:

> The "good cause" requirement may be satisfied by showing:
> "(1) a substantial defect or irregularity in the proceedings upon which the default was based, (2) a reasonable excuse for failure to comply with the requirements which created the default, or (3) some other reason showing that manifest injustice would result from permitting the default to stand." 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 662, quoted in *Bigelow* [*v Walraven,* 392 Mich 566, 576, n 15; 221 NW2d 328 (1974)].

Consistent with the differing policies of this state toward setting aside defaults and default judgments as noted above, a lesser showing is required to establish good cause to set aside a default. This proposition is suggested by GCR 1963, 520.4 [MCR 2.603(D)] itself, which provides that, where a default judgment has been entered, a motion to set aside is to be decided according to the guidelines set forth in GCR 1963, 528 [MCR 2.612]. Where a default alone has been entered, the court rules do not limit the court's discretion. Furthermore, we find persuasive the federal court's treatment of the analogous federal rules, FR Civ P, 55(c) and 60(b). "[F]ederal courts are willing to grant relief from a default entry more readily and with a lesser showing than they are in the case of a default judgment." 10 Wright, Miller & Kane, Federal Practice and Procedure (2d ed), § 2692, p 471. For example, in *Meehan v Snow,* 652 F2d 274 (CA 2, 1981), the court of appeals reversed the district court's refusal to set aside a default, because the district court had applied the higher "excusable neglect" standard for setting aside a default judgment. [*Levitt v Kacy Mfg Co,* 142 Mich App 603, 608; 370 NW2d 4 (1985). See also *Dollar Rent-A-Car, supra,* p 741.]

In this litigation there was no substantive defect or irregularity in the proceedings upon which the entry of default was based. Moreover, there was no reasonable excuse proffered for the failure to have complied with the requirements which created the default. Had defendant acted diligently upon learning of the entry of default, a persuasive argument could have been marshalled in support of a claim of reasonable excuse. See *Federspiel v Bourassa,* 151 Mich App 656; 391 NW2d 431 (1986). However, defendant waited until May 6, 1987, to file a motion to set aside the entry of default, even though it learned, at least by April 16, 1986, when defendant's counsel appeared at the hearing on

plaintiff's motion for entry of a default judgment, that a default had been entered in March, 1986. Defendant asserted in the lower court, and asserts again in this Court, that it forwarded plaintiff's complaint to its insurance carrier after service was effected on its resident agent and that, "[u]nbeknownst to [the resident agent] or [defendant], the carrier did not assume [defendant's] defense." While it is true that "the mere existence of negligence does not prevent a finding of good cause," it is also true that "[t]he negligence of an insurer resulting in a default can and will be imputed to the insured." *Levitt, supra,* p 609.

Despite the absence in this case of any substantial defect or irregularity in the proceedings or of any reasonable excuse for defendant's failure to have complied with the requirements which created the default, we find that, in light of the facts revealed in the record in this action, good cause to set aside the entry of default has been established because there exists "some other reason showing that manifest injustice would result from permitting the default to stand." *Levitt, supra,* p 608. That reason is the meritorious defenses and factual issues raised by defendant. The showing of a meritorious defense and factual issues for trial may, under certain circumstances, fulfill the good-cause requirement by way of constituting a reason evidencing that manifest injustice would result from permitting a default to stand. See *Daugherty v Michigan (After Remand),* 133 Mich App 593, 598-602; 350 NW2d 291 (1984); *Hunley v Phillips,* 164 Mich App 517, 523; 417 NW2d 485 (1987); *Reed v Walsh,* 170 Mich App 61; 427 NW2d 588 (1988).

Defendant filed an affidavit in this case in which it stated:

Pursuant to MCR 2.116(C)(8), Suburban Softball would be entitled to a judgment, as a matter of law, on the claim that Suburban Softball failed to properly "instruct" or "teach" patrons how to play softball, for the reason that, as a matter of law, Suburban Softball did not provide such services, hold itself out as providing such services, or that any duty to provide such services to plaintiff, or other patrons using Suburban Softball's facilities was otherwise imposed on Suburban Softball;

\* \* \*

Pursuant to MCR 2.116(C)(8), Suburban Softball would be entitled to a judgment, as a matter of law, for the reason that plaintiff expressly waived any claims against Suburban Softball and released Suburban Softball, its agents, officers, and employees, of and from any and all liability arising out of or related to any loss, damage, or injury to person or property, sustained while on Suburban Softball's premises or while plaintiff was engaged in the playing of softball. According to standard operating procedures employed by Suburban Softball at the time of plaintiff's alleged injuries, each player, including plaintiff, was required to sign a release of liability contract form, as well as a team roster release of liability form, prior to engaging in any activity on the premises. (Forms attached as Exhibits 1 and 2.);

Any liability which may be imposed against Suburban Softball is off-set, either partially or completely, by plaintiff's comparative negligence in causing or contributing to his own injuries. According to information received by Suburban Softball, plaintiff, at the time he incurred his injuries, was intoxicated and behaving in a negligent, reckless, and willful and wanton manner, and thereby was responsible, in whole or in part, for causing his own injuries.

We view these defenses as meritorious, substantial, deserving of factual development at trial, and sufficient to require the setting aside of the entry

of default in this case. We discern no evidence in the record suggesting that defendant intentionally refused to timely file an answer to plaintiff's complaint or delay adjudication, or that plaintiff would be prejudiced, as that term is understood in this setting, if the entry of default is set aside and a trial on the merits is conducted. While we agree with the statement of a panel of this Court in *Mason v Marsa,* 141 Mich App 38, 41-42; 366 NW2d 74 (1985), lv den 423 Mich 860 (1985), which was quoted by another panel of this Court in *Reed, supra,* p 67, that "we are not prepared to say that the showing of a meritorious defense by itself is sufficient in all cases to warrant setting aside a default," in light of the facts presented in this case we find that the trial court should have granted defendant's motion to set aside the March 21, 1986, entry of default and assess costs against defendant pursuant to MCR 2.603(D)(4).

Accordingly, we reverse the trial court's order denying defendant's motion to set aside the March 21, 1986, entry of default, set aside the trial court's November 23, 1987, default judgment, and remand the case for the assessment of costs against defendant pursuant to MCR 2.603(D)(4) and for further proceedings.

Reversed and remanded. We do not retain jurisdiction.