PETE v IRON COUNTY

Docket No. 130544. Submitted October 8, 1991, at Houghton. Decided November 14, 1991; approved for publication January 29, 1992, at 9:15 A.M.

Hazel G. Pete brought an action in the Iron Circuit Court against Iron County, seeking damages for injuries sustained when she slipped and fell, allegedly because of an accumulation of water, on stairs inside the Iron County Courthouse. The court, John D. Payant, J., granted summary disposition for the county, ruling that, while an accumulation of water on the stairs could have constituted a defect or dangerous condition of the courthouse for purposes of the public building exception to governmental immunity, the plaintiff failed to establish that there were genuine issues of fact concerning whether the proximate cause of her injuries involved the alleged defect and whether the county had actual or constructive knowledge of the alleged defect. The plaintiff appealed, and the county cross appealed.

The Court of Appeals *held:*

1. A causal link between the plaintiff's injuries and any negligence on the part of the county was not established in the plaintiff's pleadings, in her deposition testimony, or in the testimony of her expert witness. The trial court therefore did not err in ruling that there was no genuine issue of fact concerning causation.

2. The plaintiff failed to establish facts from which it could be inferred that the county had actual or constructive notice of the alleged defect. The trial court therefore did not err in ruling that there was no genuine issue of fact concerning notice.

3. The issue whether the trial court erred in ruling that an accumulation of water on the stairs of a public building can constitute a defect within the meaning of the public building exception to governmental immunity, MCL 691.1406; MSA 3.99(106), need not be addressed in light of the determination that summary disposition was properly granted.

Affirmed.

*Wisti & Jaaskelainen, P.C.* (by *David M. Gemignani* and *Daniel J. Wisti*), for the plaintiff.

*Cummings, McClorey, Davis & Acho, P.C.* (by *Catherine D. Jasinski*), for the defendant.

Before: GILLIS, P.J., and MICHAEL J. KELLY and GRIBBS, JJ.

PER CURIAM. In this negligence action, plaintiff appeals as of right from an order granting defendant's motion for summary disposition pursuant to MCR 2.116(C)(7) and MCR 2.116(C)(10). Defendant cross appeals, alleging that the trial court erred in holding that an accumulation of water on the courthouse stairs could constitute a defect or dangerous condition of the building to fit within the public building exception to governmental immunity. MCL 691.1406; MSA 3.996(106). We affirm.

This action arose out of an incident that occurred on December 1, 1987. On that date, plaintiff was descending stairs inside the Iron County Courthouse, a building owned and maintained by defendant, when, for some reason, she slipped and fell down several stairs and suffered injury.

Plaintiff claims that the trial court erred in finding that she did not raise genuine issues of material fact that the proximate cause of her injuries was a defect in the building and that defendant had actual or constructive knowledge of the alleged defect in the building.

A motion for summary disposition under MCR 2.116(C)(10) tests the factual support for a claim. *Leitch v Switchenko,* 169 Mich App 761, 765; 426 NW2d 804 (1988). When ruling on a motion under MCR 2.116(C)(10), the court must consider the affidavits, pleadings, depositions, admissions, as well as other documentary evidence, and grant the motion only when the court is satisfied that it is impossible for the claim to be supported at trial because of some deficiency that cannot be over-

come. *Schippers v SPX Corp,* 186 Mich App 595, 596; 465 NW2d 34 (1990). Courts are liberal in finding that a genuine issue exists, giving all benefits of doubt and resolving all reasonable inferences in favor of the nonmoving party. *Slaughter v Smith,* 167 Mich App 400, 403; 421 NW2d 702 (1988). The party opposing summary disposition under MCR 2.116(C)(10) has the burden of showing that a genuine issue of disputed fact exists. *Pantely v Garris, Garris & Garris, PC,* 180 Mich App 768, 773; 447 NW2d 864 (1989).

On the issue of proximate cause, plaintiff admitted during her deposition that she did not know what caused her to slip on the courthouse stairs. Plaintiff testified that water on the stairs might have caused her fall, she could have fallen because of the type of shoes she was wearing, or the fall could have been caused by the material the stairs were made of. Plaintiff's expert testified during deposition that he did not know what caused plaintiff's fall, but opined that she may have "misstepped." Plaintiff failed to establish a causal link between her accident on the courthouse stairs and any negligence on the part of defendant. Where a plaintiff fails to establish such a link, summary disposition under MCR 2.116(C)(10) is proper. *Siewert v Sears, Roebuck & Co,* 177 Mich App 221, 223; 441 NW2d 9 (1989).

Further, on the issue of actual or constructive notice, plaintiff failed to establish facts from which it could be inferred that defendant had actual or constructive notice of the alleged defect in the building: water on the stairs. Plaintiff's expert testified during his deposition that he did not know if defendant had actual or constructive knowledge of the alleged defect. Plaintiff failed to come forward with facts supporting her claim that defendant had actual or constructive knowledge of

the alleged defect in the building. Therefore, she failed to carry her burden of showing that a genuine issue of disputed fact existed. *Pantely, supra* at 773.

Giving the benefit of every reasonable doubt to plaintiff, we agree with the trial court's ruling that no genuine issue of material fact existed in this case on either the issue of proximate cause or the issue of actual or constructive notice. Defendant's motion for summary disposition under MCR 2.116(C)(10) was, therefore, properly granted.

Because the trial court's conclusion that water on the floor of a building could constitute a defect or dangerous condition within the public building exception to governmental immunity, MCL 691.1406; MSA 3.996(106), was not the basis of its decision to grant summary disposition in this matter, we affirm the trial court's grant of summary disposition and, therefore, decline to address the issue raised by defendant in its cross appeal.

Affirmed.