**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0214n.06
Filed: April 23, 2008

**No. 07-1624**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

DONALD G. DEMO & MELONY J. DEMO,   )
  )
     Plaintiffs-Appellants,   )
  )
v.   )
  ) ON APPEAL FROM THE UNITED
RED ROOF INNS, INC.,   ) STATES DISTRICT COURT FOR THE
  ) WESTERN DISTRICT OF MICHIGAN
     Defendant-Appellee.   )
  )

Before:  KEITH, DAUGHTREY, and GIBBONS, Circuit Judges.

GIBBONS, Circuit Judge.  Donald and Melony Demo appeal the grant of summary judgment to Red Roof Inns in this Michigan slip-and-fall action.  Because the Demos cannot establish an essential element of their negligence and derivative consortium claims—Red Roof Inns' responsibility for causing their injuries—we affirm.

I

Attending a funeral in Kalamazoo, Michigan, Donald Demo and his wife, Melony, stayed at a Red Roof Inn.  The hotel room doors opened to a portico.  Each of the three wooden stairways leading to upper floors had a roof but was exposed to the elements from the sides.

The Demos took a room on the second floor. Twice that night, Donald climbed the middle stairway without incident. The next day brought bleak conditions—fog, rain, and accumulated snow—as Donald discovered when he emerged at 4:30 a.m. to find breakfast. He dropped off his wife's meal at the room before realizing he neglected to buy a drink. Knowing about snow and ice in the parking lot, he took a new route on the side stairway to make a safer trek to the vending machines. As he stepped off the landing, Donald "just took off falling." JA 103. Although he later surmised "it was a sheet of ice there," he conceded that "no one can actually say." JA 103.

Five minutes later he recovered and made his way to the hotel office to report his fall. He declined an ambulance and returned to his room but eventually filled out an accident form citing wet and icy steps. The hotel responded to his report by sending someone to salt the stairway.

The Demos filed a complaint in state court, in which Donald claimed that the hotel's negligence caused his fall and resulted in severe back and leg injuries; Melony asserted a derivative claim for loss of consortium. Invoking federal diversity jurisdiction under 28 U.S.C. § 1332(a)(1), Red Roof Inns removed the action to the Western District of Michigan, where the court granted summary judgment in its favor. The Demos now appeal that judgment.

II

This court reviews de novo a district court's grant of summary judgment. *Bryson v. Regis Corp.*, 498 F.3d 561, 569 (6th Cir. 2007). Summary judgment follows "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as

No. 07-1624
*Demo, et al. v. Red Roof Inns, Inc.*

to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). As the non-moving parties, the Demos are entitled to all reasonable factual inferences. *See Matshushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Under Michigan law, which governs this diversity action, a plaintiff asserting a negligence claim must prove: (1) "that the defendant owed a legal duty to the plaintiff," (2) "that the defendant breached or violated the legal duty," (3) "that the plaintiff suffered damages," and (4) "that the breach was a proximate cause of the damages suffered." *Schultz v. Consumers Power Co.*, 506 N.W.2d 175, 177 (Mich. 1993).

The Demos argue that the district court erred in resolving proximate causation against them on summary judgment. Although causation is sometimes a jury question, the district court may decide causation as a matter of law if the plaintiff presents insufficient evidence to "support a reasonable inference" of causation. *See, e.g.*, *Weymers v. Khera*, 563 N.W.2d 647, 648 (Mich. 1997) ("A mere possibility of . . . causation is not enough; and when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to direct a verdict for the defendant.") (internal quotation marks omitted); *Nicholson by Nicholson v. Children's Hosp. of Mich.*, 363 N.W.2d 1, 2 (Mich. Ct. App. 1984).

Michigan law holds that "a plaintiff cannot satisfy th[e] burden [of drawing a "reasonable inference" of causation] by showing only that the defendant may have caused his injuries," *Craig*

No. 07-1624
*Demo, et al. v. Red Roof Inns, Inc.*

*ex rel. Craig v. Oakwood Hosp.*, 684 N.W.2d 296, 309 (Mich. 2004), or that the proposed cause of

an injury is "mere speculation," *Skinner v. Square D Co.*, 516 N.W.2d 475, 480 (Mich. 1994).

Red Roof Inns and the district court below primarily relied on Donald's deposition

admissions, a technique supported by Michigan case law. *See, e.g., Northern v. Fedrigo*, 320

N.W.2d 230, 233 (Mich. Ct. App. 1982) ("Plaintiff is bound by the statements in his deposition.").

Donald admitted several times during his deposition that he was not sure how he had fallen:

> DEMO:       I got to that point [at the top of the stairs] and it just—I don't know
>             if it was just a layer of ice that I didn't see or what it was, I don't
>             know, you know, but it surprised me, you know, and—
> COUNSEL:    So as you sit here today, you have no idea what caused you to fall?
> DEMO:       No, sir. It's the only thing I could think of it was a sheet of ice there,
>             and no one can actually say. I don't know.

JA 103. He later said, "[A]nything I could think of was just a layer of ice because it just, you know,

it happened so quick." JA 104. These statements amount to speculation about the cause of Donald's

fall, and the fall's occurrence alone fails to trace the Demos' injuries to the hotel's negligence.

We are unable to differentiate the Demos' claim from two other slip-and-fall cases where

Michigan courts held plaintiffs to their equivocal deposition testimony. In *Stefan v. White*, 257

N.W.2d 206, 208 (Mich. Ct. App. 1977), the plaintiff fell down stairs, explaining at her deposition

that she "just went down" and "didn't feel nothing" that caused the fall. Even though the plaintiff's

husband filed an affidavit pointing to a metal strip at the top of the stairs that could have caused the

fall, the court held that the plaintiff could not identify a causal relationship, and "[t]he mere

- 4 -

occurrence of plaintiff's fall [was] not enough to raise an inference of negligence on the part of the defendant." *Id.* at 210. Similarly, in *Pete v. Iron County*, 481 N.W.2d 731, 732 (Mich Ct. App. 1991), the plaintiff fell down outdoor courthouse stairs. The plaintiff admitted during her deposition that she did not know how she had fallen, but that water on the stairs might have been the culprit. *Id.* Like the metal strip in *Stefans*, the hypothetical water did not establish causation, and the court granted summary judgment to the defendant. *See id.*

The Demos acknowledge these cases but insist that the accident report form Donald filed after his accident citing wet and icy stairs and the hotel's responsive salting of the stairway create a genuine dispute about causation. But according to Donald's deposition testimony, ice or rain were only conjectural causes. The Demos invite us to "dispense with" the causation requirement, but like the district court, we decline to do so and affirm the grant of summary judgment against them.

Red Roof Inns also argues that the absence of a duty justifies summary judgment, but because causation alone is fatal to the Demos' claim and because Red Roof Inns did not argue about duty below, we do not discuss it.

III

With the merits of Donald's claim settled, Melony's claim also fails because a loss of consortium claim depends on the success of the primary negligence claim. *See Moss v. Pacquing*, 455 N.W.2d 339, 343 (Mich. Ct. App. 1990). Therefore we also affirm the grant of summary judgment to Red Roof Inns on this claim.

IV

For the foregoing reasons, we affirm.