DAUGHERTY v STATE OF MICHIGAN (AFTER REMAND)

Docket No. 71015. Submitted March 12, 1984, at Lansing.—Decided April 3, 1984.

Plaintiff, Vincent Daugherty, was injured when diving from a bridge into the Huron River, striking his head on an unknown object beneath the surface of the water. The incident occurred in the Proud Lake Recreation Area which was operated and maintained by defendants, the State of Michigan and the Michigan Department of Natural Resources. Plaintiff brought an action in the Court of Claims against defendants seeking damages. The Court of Claims, Leo W. Corkin, J., granted an accelerated judgment to the defendants on the basis of governmental immunity. Plaintiff appealed to the Court of Appeals which reversed the trial court, ruling that the operation of a recreational area by the state is not a governmental function protected by the defense of governmental immunity and that the defense of governmental immunity is not a bar to a properly pled claim for an intentionally created nuisance in fact. 91 Mich App 658 (1979). Defendants' application for leave to appeal to the Supreme Court was thereafter denied on March 6, 1980. 408 Mich 853 (1980). On April 10, 1980, plaintiff filed a default in the Court of Claims on the ground that the defendants failed to plead or defend within the time prescribed in the General Court Rules. The trial court, Thomas L. Brown, J., thereafter denied three motions to set aside the default brought by the defendants. Defendants appeal. *Held:*

1. There was no irregularity in the default taking. The default technically complied with GCR 1963, 108.3(1).

2. Good cause sufficient to set aside the default did not exist under two of the factors pertaining thereto concerning (1) a

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 16 Am Jur 2d, Judgments §§ 686, 708 *et seq.,* 739, 740.

[2] 46 Am Jur 2d, Judgments § 682.

[3] 61A Am Jur 2d, Pleading § 356.

[4] 58 Am Jur 2d, Nuisances § 221.

Contributory negligence or assumption of risk as defense to action for damages from nuisance—modern views. 73 ALR2d 1378.

[5] 58 Am Jur 2d, Nuisances § 141.

substantial defect or irregularity in proceedings upon which the default was based and (2) a reasonable excuse for failure to comply with the requirements which created the default.

3. The trial court erred in refusing to set aside the default under the third factor used for finding good cause to set aside a default, that is, some other reason showing that manifest injustice would result from permitting the default to stand. Defendants will suffer manifest injustice if the default is not set aside. Defendants established the existence of a meritorious defense and raised serious questions of fact that should be determined in a trial on the merits. There is no evidence that defendants intentionally attempted to delay the adjudication of plaintiff's claims by failing to timely file their answer. Plaintiff has suffered no irreparable injury as a result of defendants' failure to timely file their answer. The period in which defendants were inactive in pursuing their defense was not unreasonably long.

4. The trial court abused its discretion in denying defendants' third motion to set aside the default on the basis that there was no showing of manifest injustice.

5. Defendants have presented facts which, if proved, would establish a meritorious defense to the claim that the bridge was an intentional nuisance and support the contention that defendants did not intentionally create a hazardous situation.

6. The defendants having produced sworn affidavits supporting their contention that neither a nuisance in fact existed nor that defendants intentionally maintained a dangerous condition, the trial court erred in ruling that defendants had failed to present a meritorious defense.

Reversed and remanded.

1. JUDGMENTS — RELIEF FROM JUDGMENTS — DEFAULT JUDGMENTS — COURT RULES.

A proceeding to set aside a default or a default judgment, except when grounded on want of jurisdiction over the defendant, shall be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed (GCR 1963, 520.4).

2. JUDGMENTS — RELIEF FROM JUDGMENTS — DEFAULT JUDGMENTS — GOOD CAUSE — COURT RULES.

Good cause sufficient to set aside an entry of default under the General Court Rule regarding defaults includes such matters as: (1) a substantial defect or irregularity in proceedings upon which the default was based, (2) a reasonable excuse for failure to comply with the requirements which created the default, or

(3) some other reason showing that manifest injustice would result from permitting the default to stand (GCR 1963, 520.4).

3. PLEADING — RESPONSIVE PLEADINGS — TIME PERIODS.
 The 20-day period provided for the filing of a responsive pleading following the Supreme Court's denial of an application for leave to appeal to the Supreme Court is not to be measured from the date on which the case file is returned by the Supreme Court to the trial court (GCR 1963, 108.3[1]).

4. NUISANCE — INTENTIONAL NUISANCES — CONTRIBUTORY NEGLIGENCE.
 The defense of contributory negligence is not applicable to nuisances of the intentional variety.

5. NUISANCE — INTENTIONAL NUISANCES — QUESTIONS OF FACT.
 The existence of an intentional nuisance is a question of fact to be determined by the trier of fact.

*Kenneth A. Webb* and *John H. Waldeck,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Theodore E. Hughes,* Assistant Attorney General, for defendants.

AFTER REMAND

Before: SHEPHERD, P.J., and ALLEN and A. E. KEYES,* JJ.

PER CURIAM. We revisit this case by reason of the trial court's refusal to set aside a default judgment entered in favor of plaintiff 35 days following the Supreme Court's denial of defendants' application for leave to appeal from this Court's decision in *Daugherty v Michigan,* 91 Mich App 658; 283 NW2d 825 (1979).

Our opinion in *Daugherty,* decided August 20,

* Circuit judge, sitting on the Court of Appeals by assignment.

1979, reversed the trial court's grant of an accelerated judgment in favor of defendants. In that opinion we ruled that the operation of a recreational area by the state is not a governmental function protected by the defense of governmental immunity. We also held that the defense of governmental immunity is not a bar to a properly pled claim for an intentionally created nuisance in fact. Defendants' application for leave to appeal to the Supreme Court was denied by an order of the Supreme Court issued March 6, 1980. 408 Mich 853 (1980). On April 10, 1980, plaintiff filed a default on the ground that defendants "have failed to plead, or otherwise defend, within the time prescribed by GCR 1963". The affidavit in support of the default stated that more than 20 days had elapsed since the Supreme Court's denial of leave to appeal on March 6, 1980.

On April 11, 1980, defendants filed the first of three motions to set aside the default entered the previous day. Defendants' attorney's affidavit asserted that he had been "busily engaged in trials" and "inadvertently" failed to file a timely answer within the 20-day period allowed by rule subsequent to March 6, 1980. Defendants' attorney further claimed to have a meritorious defense "in that there must be a full and complete hearing on the facts of this matter in order to determine the comparative negligence of the plaintiff".

At a hearing on the motion held May 14, 1980, the trial court denied the motion but indicated that the court would reconsider its ruling if the defendants filed a verified answer and affidavit setting forth a meritorious defense. May 22, 1980, defendants' second motion to set aside the default was filed together with the attorney's affidavit that at the time of the injury there was a sign on the

bridge from which plaintiff dove reading "Absolutely No Diving or Jumping From the Bridge", that there were no previously reported incidents of injuries from diving from the bridge, and that the water was of sufficient clarity that plaintiff, upon proper observation, could have known the danger. Again the court denied the motion stating that defendants had presented nothing which had not been brought to the court's attention at the previous hearing on the motion to set aside the default.

On March 22, 1982, defendants filed a third motion to set aside the default. Attached to the motion were affidavits from the acting manager and the park ranger for the Proud Lake Recreation Area regarding the presence of a "no diving" sign, the lack of dangers or hazards, the safety of the bridge for its intended use to convey pedestrians and automobiles over the Huron River, and the attestation that the water was so shallow and clear that any dangerous obstructions or objects were openly visible from the bridge. On February 17, 1983, the trial court ruled that counsel's busy schedule did not constitute excusable neglect for failure to meet the 20-day filing deadline and that there was no meritorious defense presented by defendants and, thus, no manifest injustice. We disagree and reverse.

Under GCR 1963, 520.4:

"A proceeding to set aside default or a default judgment, except when grounded on want of jurisdiction over the defendant, shall be granted *only if good cause is shown* and an affidavit of facts showing a meritorious defense is filed." (Emphasis added.)

In *Midwest Mental Health Clinic, PC v Blue Cross & Blue Shield of Michigan,* 119 Mich App 671; 326

NW2d 599 (1982), this Court described "good cause":

> " 'Good cause' sufficient to set aside an entry of default under the above cited court rule includes such matters as '(1) a substantial defect or irregularity in proceedings upon which the default was based, (2) a reasonable excuse for failure to comply with the requirements which created the default, or (3) some other reason showing that manifest injustice would result from permitting the default to stand'." 119 Mich App 674, quoting 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), Comments, p 662.

Contrary to defendants' assertion, there was no irregularity in the default taking. Default was filed on April 10, 15 days after the 20-day period for filing an answer had expired. Though abrupt in view of the prior slow pace at which the case had proceeded, the default technically complied with GCR 1963, 108.3(1). We know of no authority that supports defendants' claim that the 20-day period should be measured from March 26, 1980, the date on which the case file was returned by the Supreme Court to the trial court. Likewise, a busy schedule and a heavy caseload do not constitute a reasonable excuse for failure to file a timely answer. *Midwest Mental Health Clinic, supra,* pp 674-675. Consequently, we are unable to set aside the default under factors (1) or (2) set forth in *Midwest.*

However, we do find that the trial court erred in refusing to set aside the default under factor (3). Review of the pleadings and affidavits indicates that defendants will suffer manifest injustice if the default is not set aside. First, defendants have established the existence of a meritorious defense and raised serious questions of fact that should be determined in a trial on the merits. Although the

trial court ignored defendants' denial that the bridge constituted an intentional nuisance in fact, defendants did provide sufficient assertions of fact in the affidavits attached to their third motion to set aside the default. Since a showing that the bridge did not constitute an intentional nuisance would exonerate defendants from liability, defendants would be extremely prejudiced by a refusal to set aside the default.

In addition, there is no evidence that defendants intentionally attempted to delay the adjudication of plaintiff's claims by failing to timely file their answer. The uncontradicted affidavit of defendants' attorney indicates that because of his relatively recent assignment to the case he was not personally aware that an answer had not been filed. His active involvement in the defense of other actions established the inadvertent nature of the delay.

Moreover, we do not perceive that plaintiff has been prejudiced by defendants' default. This case was begun in 1974. During the six years prior to the entry of the default, defendants actively and promptly pursued their defense. Defendants' position in relation to plaintiff's claims has been revealed during the proceedings on defendants' motion for accelerated judgment. Accordingly, plaintiff has had ample time and information to prepare his case. Any financial burden resulting from the delay and default can be alleviated by requiring defendants to pay plaintiff's costs incurred in relation to the default and subsequent motions to set aside the default. Therefore, plaintiff has suffered no irreparable injury as the result of defendants' failure to timely file their answer.

Finally, the period in which defendants were inactive in pursuing their defense was not unreasonably long. Once defendants' attorney had notice

of the entry of default, he moved to have it set aside the next day. This was more prompt than the "promptness" exhibited by the defendant in *Bednarsh v Winshall,* 364 Mich 113; 110 NW2d 729 (1961). Similarly, the period of delay between the date defendants were actually in default and the date of plaintiff's entry of the default was only 15 days. In *Bednarsh,* the Supreme Court set aside a default where it was entered only three weeks after the period began to run. In light of the lack of prejudice to plaintiff, the extreme prejudice to defendants' right to a just determination of the issues and the promptness and zeal with which defendants had otherwise pursued their defense, defendants have established that manifest injustice will result from the refusal to set aside the default. Consequently, we find that the trial court abused its discretion in denying defendants' third motion to set aside the default on the basis that there was no showing of manifest injustice.

We further find that defendants have presented facts which, if proved, would establish a meritorious defense. On the previous appeal we held that plaintiff had sufficiently pled an intentional nuisance. *Daugherty, supra,* p 664. The distinction between a negligently created nuisance and an intentionally created nuisance is significant because the defense of contributory negligence is not applicable to nuisances of the intentional variety. *Melendres v Soales,* 105 Mich App 73, 79; 306 NW2d 399 (1981); *Hall v Dep't of State Highways,* 109 Mich App 592, 600; 311 NW2d 813 (1981). In deciding the question of whether the defendants had presented a meritorious defense, the trial court considered whether plaintiff's alleged comparative negligence would be a defense to defendants' alleged intentional nuisance. In so doing,

the trial court apparently assumed plaintiff had not only pled but had *proved* the bridge was a nuisance in fact. Of course, plaintiff had proved no such thing. The existence of an intentional nuisance was a question of fact to be determined at trial. The facts alleged in the affidavits of the acting manager of the recreation area and the park ranger, if proved, would defeat the claim that the bridge was an intentional nuisance. Both men attested to the presence of a "no jumping" sign and the 3-foot high 4- by 6-inch railings, and to the fact that the bridge was not in a state of disrepair or abandonment. The men further stated that the shallowness of the river was visible from the bridge through the approximately two feet of *clear* water. Since their affidavits specifically negated the factors found to establish a nuisance in *Melendres, supra,* defendants clearly established the existence of a meritorious defense to plaintiff's claim.

Moreover, defendants presented sufficient facts to support a contention that defendants did not intentionally create a hazardous situation. In *Hall, supra,* this Court affirmed a finding by the trial court that the highway department did not possess the requisite intent to create an intentional nuisance. In *Hall,* plaintiff had been injured when his car collided with a highway guardrail. In support of its ruling, this Court stated:

"Although it is beyond argument that the state intended to install the guardrail itself, the defendant's complete lack of knowledge regarding its allegedly dangerous conditions (knife edged end shoe) supports the trial court's conclusion that intent sufficient to create an intentional nuisance was not established." 109 Mich App 601.

In the verified proposed answer, defendants asserted that the bridge was neither openly nor notoriously used for jumping and diving and that they had not acquiesced in anyone's jumping or diving from the bridge. Both the acting manager and park ranger stated that the bridge was not openly and notoriously used for jumping or diving into the Huron River; that upon observation by employees of the state, the prohibition was strictly enforced, and that, to their knowledge, no one had previously been injured "at this bridge or in this stretch of the Huron River".

Based on the foregoing, maintenance of the bridge itself was intentional but defendants had produced sufficient allegations to establish that they did not know nor should have known that anyone was likely to be injured at the bridge. Having produced sworn affidavits supporting their contention that neither a nuisance in fact existed nor that defendants intentionally maintained a dangerous condition, the trial court erred in ruling that defendants had failed to present a meritorious defense. Consequently, the order of default filed April 10, 1980, is vacated, the order of the trial court denying defendants' third motion to set aside the default is reversed, and the cause is remanded for trial on the merits. Of course, at trial defendants may, or may not, be able to establish a negligently created, as opposed to an intentionally created, nuisance. But, at least, defendants should have the opportunity to try.

Reversed and remanded. No costs, a question of public importance being involved.