## MASON v MARSA

Docket No. 75140. Submitted January 16, 1985, at Detroit.—Decided February 20, 1985. Leave to appeal applied for.

Walter Mason had an anaphylactic shock reaction and died after allegedly being given a penicillin injection by Percy S. Marsa, M.D. Two years later, June M. Mason, personal representative of the estate of Walter Mason, deceased, filed a medical malpractice action against Dr. Marsa in Oakland Circuit Court. At that time, Dr. Marsa was working in Zaire as a medical missionary, and the circuit court entered an order permitting substituted service of process on Dr. Marsa. Copies of the summons, complaint, and jury demand were served by certified mail to defendant's previous Lake Orion address and to a Zaire address. No answer was received, and plaintiff filed an affidavit of default. Several weeks later, counsel for defendant entered an appearance and moved to set aside the default. Following a hearing, the court, Robert L. Templin, J., denied with prejudice defendant's motion, finding that neither good cause nor a meritorious defense had been established. Defendant's motion for rehearing was also denied, but the court did certify his order as involving controlling questions of law as to which there was substantial ground for difference of opinion and that an immediate appeal from the order might materially advance the ultimate termination of the litigation. The Court of Appeals granted leave to appeal. *Held:*

The trial court erred in denying defendant's motion to set aside the default. Defendant has shown both a meritorious defense and a reasonable excuse for failure to appear within the time limit set forth in the summons.

Reversed and remanded for further proceedings.

1. JUDGMENTS — DEFAULT JUDGMENTS — RELIEF FROM JUDGMENTS — GOOD CAUSE — COURT RULES.

    A proceeding to set aside a default or a default judgment is to be

REFERENCES FOR POINTS IN HEADNOTES

[1] 46 Am Jur 2d, Judgments § 708.

Fraud in obtaining or maintaining default judgment as ground for vacating or setting aside in state courts. 78 ALR3d 150.

[2] 47 Am Jur 2d, Judgments §§ 1152, 1154.

granted only if good cause is shown, except where the proceeding is grounded on want of jurisdiction over the defendant; good cause includes (1) a substantial defect or irregularity in the proceedings upon which the default was based, (2) a reasonable excuse for failure to comply with the requirements which created the default, or (3) some other reason showing that manifest injustice would result from permitting the default to stand (GCR 1963, 520.4).

2. Judgments — Default Judgments.

Default procedures serve to keep the dockets current, to expedite the disposal of causes, thereby preventing a dilatory or procrastinating defendant from impeding the plaintiff in the establishment of his claim.

*Bryan Knez,* for plaintiff.

*Melvin R. Schwartz,* for defendant.

Before: Cynar, P.J., and Beasley and R. E. Robinson,* JJ.

Per Curiam. Defendant appeals by leave granted from a September 7, 1983, order of the Oakland County Circuit Court denying defendant's motion to set aside a default.

This case involves a medical malpractice action brought by plaintiff for treatment allegedly rendered by defendant. Plaintiff is the personal representative of the estate of Walter Mason, her deceased husband. On December 23, 1980, defendant allegedly gave Walter Mason a shot of penicillin, and Mason had an anaphylactic shock reaction and died.

A complaint was filed on December 21, 1982, and after several futile attempts to serve defendant, plaintiff learned he was then residing in Zaire, Africa. On May 12, 1983, an order for

---

* Retired circuit judge, sitting on the Court of Appeals by assignment.

substituted service was entered in the Oakland County Circuit Court. The order stated:

"It is hereby ordered that service of process on defendant, Percy S. Marsa, be effected by personally serving Phyliss Jeroux [sic] or any other suitable agent, servant, employee, etc., with copies of the summons and complaint, together with the sending of copies of the same said summons and complaint by registered or certified mail addressed to the said defendant at his last known address, 785 or 829 North Lapeer Road, Lake Orion, Michigan and PB7983 Kinshasa I, Zaire, Africa."

A proof of service dated June 14, 1983, shows that on June 9, 1983, copies of the summons, complaint, and jury demand were served on defendant by certified mail to the Lake Orion address and by registered mail to the Zaire address. No answer was received, and plaintiff filed an affidavit of default on July 12, 1983. Defense counsel entered his appearance on August 23, 1983, and on August 31, 1983, a motion to set aside the default was filed. It was accompanied by three affidavits and a brief in support.

After a hearing conducted on September 7, 1983, the circuit judge entered his order denying with prejudice the motion to set aside the default. The judge held that neither good cause nor a meritorious defense had been established. Defendant moved for a rehearing on the ground that his correct mailing address in Zaire was BP4004, Kinshasa 11, Zaire, Africa. The circuit court denied the motion for rehearing, but did certify his order as involving controlling questions of law as to which there was substantial ground for difference of opinion and that an immediate appeal from the order might materially advance the ultimate termination of the litigation. By order of this Court, leave to appeal was granted.

Defendant claims error in the trial judge's denial of his motion to set aside the default, and we agree.

Under GCR 1963, 520.4:

"A proceeding to set aside default or a default judgment, except when grounded on want of jurisdiction over the defendant, shall be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed.

"Good cause within the meaning of this provision would seem to include (1) a substantial defect or irregularity in the proceedings upon which the default was based, (2) a reasonable excuse for failure to comply with the requirements which created the default, or (3) some other reason showing that manifest injustice would result from permitting the default to stand." *Harrison v VMC Building Corp,* 71 Mich App 458, 460; 248 NW2d 584 (1976), citing 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), Comments p 662.

The purpose of the default procedure is to keep the dockets current, to expedite the disposal of causes so as to prevent a dilatory or procrastinating defendant from impeding the plaintiff in the establishment of his claim. *Bigelow v Walraven,* 392 Mich 566, 576; 221 NW2d 328 (1974).

In *Daugherty v Michigan (After Remand),* 133 Mich App 593; 350 NW2d 291 (1984), this Court held that under factor (3) above, manifest injustice would result from a defendant in default being unable to assert its meritorious defense if the default were not set aside. As in *Daugherty, supra,* defendant here has, through his affidavits, shown a meritorious defense, *i.e.,* that he had provided plaintiff's decedent with care and treatment which was within the applicable standard of medical practice.

We are not prepared to say that the showing of

a meritorious defense by itself is sufficient in all cases to warrant setting aside a default. However, we further find that defendant qualifies under factor (2) above as he has shown a reasonable excuse for failure to appear within the time limited in the summons. At the time he received the summons by mail, defendant was working halfway around the world as a medical missionary, with a mail address different from that described in the summons, in a country where the mail service almost assuredly does not match our own. The time from issuance of the order for substituted service until defense counsel entered his appearance was less than three months. Such a period could hardly be a factor in creating a stale docket or impeding the expeditious disposal of a cause. Thus the purpose of the court rule would not be ill served if the default entered against defendant in this case were to be set aside.

Reversed and remanded for further proceedings consistent with this opinion.