REED v WALSH

Docket No. 98088. Submitted March 1, 1988, at Lansing. Decided July 18, 1988. Leave to appeal applied for.

Steven R. Troy sustained serious injuries in an automobile accident while riding as a passenger of Anne Marie Ward. Rosemary M. Reed, individually and in her capacity as guardian of Steven R. Troy and conservator of Troy's estate, and others brought a negligence action in the Clinton Circuit Court against Thomas C. Walsh, personal representative of the estate of Anne Marie Ward, deceased, Hurst & Walters, Inc., doing business as Twilliger's Bar, and others. Against Hurst & Walters, Inc. (hereafter defendant), plaintiffs alleged liability under the dramshop act for serving alcoholic beverages to a visibly intoxicated Ward prior to the accident. Defendant failed to answer the complaint and a default judgment against defendant was subsequently entered. Defendant filed a motion to set aside the default judgment and an affidavit by one of its corporate officers stating that none of defendant's employees had served any visibly intoxicated persons on the date of the accident and that witnesses who saw Ward in the bar on that date did not notice her to be visibly intoxicated. The trial court, Randy L. Tahvonen, J., denied the motion. Defendant appealed.

The Court of Appeals *held:*

1. The trial court abused its discretion in declining to set aside the default. Here, where defendant has presented evidence which, if proved, would establish a meritorious defense, there was no evidence that defendant intentionally attempted to delay adjudication of plaintiff's claim by failing to file a timely answer, plaintiff had not been prejudiced by defendant's default, and the period of defendant's inactivity was not unreasonably long, manifest injustice would result from permitting the default to stand.

2. On remand, the trial court should assess costs against defendant pursuant to MCR 2.603(D)(4).

Reversed and remanded.

REFERENCES
Am Jur 2d, Judgments §§ 679 *et seq.,* 686, 708 *et seq.,* 740.
See the Index to Annotations under Default Judgments.

1. JUDGMENTS — DEFAULT JUDGMENT — RELIEF FROM JUDGMENT.

A motion to set aside a default or a default judgment, except when grounded on lack of jurisdiction over the defendant, shall be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed (MCR 2.603[D][1]).

2. JUDGMENTS — DEFAULT JUDGMENT — RELIEF FROM JUDGMENT.

Good cause for setting aside a default judgment includes (1) a substantial defect or irregularity in the proceedings upon which the default was based, (2) a reasonable excuse for failure to comply with the requirements which created the default, or (3) some other reason showing that manifest injustice would result from permitting the default to stand (MCR 2.603[D]).

3. JUDGMENTS — DEFAULT JUDGMENT — RELIEF FROM JUDGMENT — MANIFEST INJUSTICE.

Where manifest injustice is claimed if a default judgment is allowed to stand, good cause for setting aside the default may exist when the evidence presented, if proved, would establish a meritorious defense, there is no evidence that the defendant intentionally attempted to delay adjudication of the plaintiff's claim by failing to file a timely answer, the plaintiff had not been prejudiced by the defendant's default, and the period of the defendant's inactivity was not unreasonably long (MCR 2.603[D]).

*Denfield, Timmer & Taylor* (by *John W. Cotner*), for plaintiffs.

*Frank S. Spies,* for Hurst & Walter, Inc.

Before: SAWYER, P.J., and KELLY and J. J. RASHID,* JJ.

KELLY J. In this case the sole question presented is whether the trial court abused its discretion in declining to set aside a default despite finding that there was a meritorious defense.

On July 6, 1984, Steven Troy was a passenger in a car driven by Anne Marie Ward. While driving on US 27, south of St. Johns, Michigan, Ward apparently crossed the center line and drove into

* Circuit judge, sitting on the Court of Appeals by assignment.

oncoming traffic. Ward and another passenger were killed in the collision. Troy suffered severe injuries that resulted in brain damage and quadriplegia.

Along with seeking damages against Ward's estate and the owner of the vehicle (Ward's father) for negligent operation of an automobile, plaintiffs also sought damages against defendant-appellant Hurst & Walters, Inc., doing business as Twilliger's Bar, under the dramshop act, MCL 436.22; MSA 18.993. Plaintiffs' complaint alleged that Ward had been served alcoholic beverages at defendant-appellant's bar while she was visibily intoxicated.

On September 13, 1985, defendant-appellant was served, and as no action was taken (no answer forthcoming), plaintiffs, pursuant to MCR 2.603(A)(1), filed an affidavit stating that defendant-appellant had failed to plead or otherwise defend and plaintiffs requested the clerk of the court to enter the default. A default was entered on October 17, 1985.

On November 4, 1985, plaintiffs filed an application for determination of damages and entry of default judgment and defendant-appellant's attorney on November 5, 1985, filed a motion to set aside the default. Subsequently, the trial court issued an order staying proceedings because defendant-appellant's liquor liability insurer, which was obliged to defend defendant-appellant, was ordered into receivership in Missouri.

Finally, on Sepember 22, 1986, a hearing was held on defendant-appellant's motion to set aside the default. Defendant-appellant presented the affidavit of John L. Hurst, an officer of the corporation. The affidavit stated that, following an investigation into this matter, it was determined that none of defendant-appellant's employees served

any visibly intoxicated persons on the date in question and that witnesses who saw Ward in the bar on that date did not notice her to be visibly intoxicated. Subsequently, the trial court, despite finding that a meritorious defense existed, nonetheless denied defendant-appellant's motion to set aside the default, concluding that there was no good cause to set aside the default.

Thereafter, on January 2, 1987, after evidence on damages had been taken, the trial court made a finding and issued an order placing total damages at $3,825,000 and entered a judgment in favor of plaintiffs against defendant-appellant in this amount. Defendant-appellant did not request a jury trial on the issue of damages, and let plaintiffs present their proofs of damages without objection. This case is thus limited to consideration of defendant-appellant's appeal of this final judgment.

MCR 2.603(D)(1) provides:

> A motion to set aside a default or a default judgment, except when grounded on lack of jurisdiction over the defendant, shall be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed.

For purposes of MCR 2.603(D), "good cause" includes: (1) a substantial irregularity or defect in the proceeding upon which the default is based, (2) a reasonable excuse for failure to comply with the requirements which created the default, or (3) some other reason showing that manifest injustice would result if the default is not set aside. 3 Martin, Dean & Webster, Michigan Court Rules Practice, p 386. See also *Federspiel v Bourassa,* 151 Mich App 656, 660; 391 NW2d 431 (1986).

Here, there is no argument made of an irregu-

larity or defect in the proceeding upon which the default was based to support good cause to set it aside. And, although defendant did make an argument of reasonable excuse, we agree with the trial court that a lay defendant's lack of knowledge of the law and its consequences will not necesssarily provide a reasonable excuse and good cause to set aside a default.

Defendant also argued manifest injustice. The trial court responded:

> There is always room to claim—and I will consider it implicitly claimed—that it would be manifestly unjust to have someone adjudicated liable for injuries who isn't, but manifest injustice has to mean more than that, or every default would be set aside on that basis. So, I don't think there is any manifest injustice evident.

We cannot agree with this conclusion.

In *SNB Bank & Trust v Kensey,* 145 Mich App 765; 378 NW2d 594 (1985), plaintiff claimed the trial court abused its discretion in setting aside the default against defendant. Defendant had moved to set aside a default judgment almost immediately and cited administrative oversight as the reason for not timely answering the complaint. This Court held:

> Although the "administrative oversight" cited by Muir might well be classified as mere negligence and not good cause, good cause is also shown when permitting the judgment to stand would result in manifest injustice. *Daugherty v Michigan (After Remand),* 133 Mich App 593, 598; 350 NW2d 291 (1984). [*Kensey, supra* at 771.]

The *Kensey* Court reasoned that, because defendant Muir raised a meritorious defense in the fact

that it owed defendant Kensey no money and thus had no money to turn over to plaintiff in a garnishment action, justice would not be served by requiring defendant Muir to pay. The *Kensey* Court concluded that defendant's meritorious defense showed that manifest injustice would occur if the default was not set aside, and, therefore, the trial court did not abuse its discretion in finding that there was good cause.

*Daugherty* presents a closer procedural situation to this case since it posed the question: Did the trial court abuse its discretion in not setting aside the default? In concluding that the trial court did abuse its discretion in finding no good cause to set aside the default where manifest injustice was claimed, the *Daugherty* Court relied first on the fact that defendants had presented evidence which, if proved, would establish a meritorious defense. Taken together with the facts that there was no evidence that defendants intentionally attempted to delay adjudication of plaintiff's claims by failing to timely file their answer, plaintiff had not been prejudiced by defendants' default, and the period of defendants' inactivity was not unreasonably long, the *Daugherty* Court concluded that the trial court abused its discretion in declining to set aside the default.

Like *Daugherty,* there is no evidence here that defendant intentionally attempted to delay adjudication. Similarly, defendant's inactivity was not very long. Defendant responded on November 1, to set aside the default entered on October 17. Furthermore, there is no prejudice to plaintiff, as that term is understood in this setting, if the default is set aside and there is a trial on the merits. Finally, as stated by the trial court here, defendant did present a meritorious defense.

The purpose of the default procedure is to keep the dockets current, to expedite the disposal of causes so as to prevent a dilatory or procrastinating defendant from impeding the plaintiff in the establishment of his claim. *Bigelow v Walraven,* 392 Mich 566, 576; 221 NW2d 328 (1974). [*Mason v Marsa,* 141 Mich App 38, 41; 366 NW2d 74 (1985), lv den 423 Mich 860 (1985).]

Like the Court in *Mason,* "we are not prepared to say that the showing of a meritorious defense by itself is sufficient in all cases to warrant setting aside a default." *Id.* at 41-42. However, on the facts presented here we find that the trial court abused its discretion in failing to set aside the default. The more appropriate response would have been to set aside the default and assess costs.

On remand the trial court should assess costs against defendant pursuant to MCR 2.603(D)(4).

Reversed and remanded.