*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JOHN DEERE FINANCIAL FSB,

Plaintiff-Appellee,

v

HAROLD E. SMITH,

Defendant-Appellant.

UNPUBLISHED
November 10, 2022

No. 359325
Cass Circuit Court
LC No. 21-000176-CK

Before: SAWYER, P.J., and MARKEY and SWARTZLE, JJ.

PER CURIAM.

Defendant, Harold E. Smith (Smith), appeals by right a default judgment entered by the trial court in favor of plaintiff, John Deere Financial FSB (JDF), after the court denied Smith's motion to set aside a default. We affirm.

## I. FACTUAL AND PROCEDURAL HISTORY

On May 4, 2021, JDF filed a complaint against Smith seeking to collect on a purported debt. JDF alleged that Smith had executed and delivered to JDF a Farm Plan Agricultural, Commercial & Governmental Application and Credit Agreement (Agreement). JDF asserted that Smith's execution and delivery of the Agreement bound Smith to the terms of the Agreement. We note that the Agreement, which was attached to the complaint, included a credit application for a credit limit of up to $50,000, along with a credit agreement obligating Smith to make payments in accordance with monthly statements. There is no dispute that the application was approved and that credit was extended to Smith. According to the complaint, under the terms of the Agreement, JDF issued and set up an account for Smith which allowed Smith to make purchases from various merchants. JDF alleged that monthly statements showing balances, purchase amounts, fees, interest, payments, and credits on the account were sent to Smith. The account statements were attached to the complaint, and they reflected that Smith incurred costs for parts and labor provided to Smith by GreenMark Equipment. The alleged outstanding debt only pertained to the service and repair of a farm combine in 2018. JDF contended that Smith had failed to comply with his obligations on the Account, which constituted a "material breach of the Account." JDF maintained that the amount due on the Account was $34,430.00, plus accrued interest in the amount of

-1-

$7,161.63. JDF alleged that Smith, despite repeated requests, "refused, neglected or otherwise failed to remit said sums to" JDF.

As reflected in a proof of service, the summons and complaint were personally served on Smith on May 24, 2021. On July 1, 2021, a notice of hearing was filed with respect to a scheduling conference that was set for August 6, 2021, via ZOOM. Smith was served with the notice of hearing by first class mail sent to his home address. On July 9, 2021, JDF filed a request for entry of default because Smith had not filed an answer to the complaint. On July 19, 2021, the court clerk entered a default. There is no indication in the record that Smith was served with the default at that time. On August 6, 2021, the scheduling conference was held. An attorney with Legal Aid of Western Michigan appeared on behalf of Smith at the scheduling conference.[1] The trial court decided that given the default status of the case, setting dates to facilitate the progress of the case, e.g., the filing of exhibit and witness lists, would be premature.

On August 10, 2021, a notice of hearing was filed in regard to a status review conference that was scheduled for October 29, 2021. A proof of service revealed that Smith was served with the notice of hearing by ordinary mail sent on August 10, 2021, to his home address. On September 14, 2021, JDF filed a motion for entry of a default judgment, which was served on Smith's counsel. JDF attached an affidavit by its custodian of records attesting to a debt of $41,591.63 (balance plus accrued interest) and averring that Smith had failed to make payments according to the terms of the Agreement.

On September 23, 2021, Smith moved to set aside the default. Smith stated that GreenMark had performed work for him in 2018. Smith asserted that he was overcharged for the work and that he was unsatisfied with the work that was done. Smith claimed that he objected to the charges to both GreenMark and JDF. He acknowledged the proof of service showing that he was served with the summons and complaint on May 24, 2021, but he did not recall being served with the complaint. Smith did state he was preoccupied with planting. Smith indicated that he remembered looking at the summons and observing that it expired on August 2, 2021, leading him to believe that he had until that date "to do something."

Smith further alleged that on July 1, 2021, the trial court mailed him a notice regarding a scheduling conference set for August 6, 2021, and he believed that he "could respond at that court date." Smith claimed that he never received a notice of the default that had been entered against him and that he first received a copy of the default after it had been served on defense counsel following the scheduling conference on August 6, 2021. Smith devoted several paragraphs in the motion to the relevant court rule, MCR 2.603(D), and the caselaw principles concerning motions to set aside defaults. Smith maintained that he had a "meritorious defense" as set forth in his affidavit that challenged the charges on the account.[2] The motion alleged that JDF's complaint

---

[1] The attorney did not file a formal appearance until August 27, 2021.

[2] In his affidavit, Smith averred, in pertinent part, as follows:

did not clearly "assert any cause of action." Smith argued that JDF appeared to be pleading an account-stated claim, but, according to Smith, when "there has been no mutual agreement regarding the charges on the account, there can be no account stated." Next, Smith contended that there existed "good cause" to set aside the default because (1) he simply missed a filing deadline and appeared at the next event; (2) not much time passed between entry of the default and the filing of the motion to set it aside; (3) the notice of the scheduling conference confused Smith; (4) he was confused about the process and his focus was on planting; (5) the failure to answer was clearly unintentional; (6) Smith is not an attorney or a sophisticated business owner; and (7) he merely misread the summons.

On October 7, 2021, JDF filed a response to Smith's motion to set aside the default, along with a supporting brief. JDF argued that there were no irregularities in the proceedings before the default was entered and that simply missing a deadline, as characterized by Smith, does not constitute "good cause" to set aside a default. JDF noted that a lay defendant's lack of knowledge of the law and the consequences of inaction do not equate to "good cause." With respect to whether

2. I am a 69-year-old farmer, and farm in Cass County with two of my sons.

3. This dispute involves work done by GreenMark Equipment in Union, Michigan on our combine.

4. We were billed twice the amount we were originally quoted, and we were never satisfied with the work that was done.

5. I objected to the charge after the work was done, and have objected to the charge ever since then, including when I spoke with someone at Wellman, Weinberg, and Reis [JDF's attorneys].

6. I recall being served with paperwork, but do not remember when; I thought I was served in June—sometime after planting season.

7. I find it hard to believe that I was served in May because we would have been busy planting.

8. I remember looking at the summons at some point, and seeing that it expired on August 2, 2021.

9. I really had no idea what I was supposed to do, but thought that I had until then to respond.

10. Then, before August, I received a notice from the court, scheduling a hearing on August 6, 2021, and assumed I could respond at the court date.

11. I did not receive a copy of a default before that hearing date.

Smith had a "meritorious defense," JDF asserted that Smith's dispute was with GreenMark, not JDF, and that Smith had taken no action against GreenMark. According to JDF, Smith had not made any attempts to resolve his complaints against GreenMark in the three years since repair services were provided. JDF maintained that Smith's conclusory claim that he had objected to or challenged the charges was simply untrue. JDF noted that its monthly statements expressly indicated the process to follow regarding any mistakes on a given statement. And Smith failed to comply with said process, nor did he aver in his affidavit that he had abided by or engaged in the process to dispute a charge on a statement.

On October 11, 2021, a hearing was held on Smith's motion to set aside the default. The parties reiterated their written arguments. Smith's attorney expressed that Smith had received a statement in December 2018 revealing the pertinent charges, that Smith "called Allie at John Deere Financial and disputed it with her," that Allie informed Smith that she would "contact Carl at GreenMark," and that Smith was told that someone would call him back, which apparently never occurred. According to defense counsel, "GreenMark came out to try to fix the issue a couple times, and then I think Mr. Smith and his sons did the repairs themselves after that." The attorney further stated that in January or February 2021, Smith contacted JDF's attorney and disputed the debt. Smith's attorney further indicated that Smith received monthly statements for a period of time before they finally stopped. Defense counsel also observed that Smith was in the courtroom if the court wished to take his testimony; the trial court did not do so. We note that these details were not contained in Smith's affidavit. Ruling from the bench, the trial court stated:

> The Court looks at MCR 2.603([D]), motion to set aside a default or a default judgment. The Court, we need to look at, you know, whether there is good cause and . . . whether there's a meritorious defense.
>
> From a good cause standpoint, . . . it's hard for the Court to . . . think that there's . . . good cause here. Although the Court does, as you've indicated, there was a notice sent out by the Court here on July 1st which was a scheduling conference. Subsequently even after the default was entered, they did send out a notice on August 10th to participate in a status conference for October 29th. So, I . . . can understand I suppose that at least a lay person – my concern is being served back in May that he would have waited so long to have filed a complaint[3]. So, the Court has . . . some issues as to whether or not there's even good cause.
>
> I . . . do find though, based on what we've indicated and . . . here on the record, I don't find, at least as it applies to John Deere Financial, that there's a meritorious defense that's been stated. I do believe potentially . . . there may very well be an . . . action for the repairs or the lack of repairs or the problems with the company that provided the repairs. But I think as it applies to John Deere Financial, I don't find that there is a meritorious defense, and I will deny the motion to set aside the default judgment in this matter.

---

[3] We presume that the court meant to say, "an answer."

On October 28, 2021, JDF once again filed a motion for entry of default judgment. On October 29, 2021, a status review hearing was held, which merely focused on getting the default judgment entered. On November 1, 2021, an order granting JDF's motion for entry of default judgment and a default judgment were entered. Under the default judgment, JDF was awarded $41,596.36 in damages, $229.71 in costs, $900.00 in attorney fees, and judgment interest accruing at 11.9% per annum.

Smith now appeals.

## II. ANALYSIS

### A. OVERVIEW OF APPELLATE ARGUMENTS

Smith argues that a timely objection to an account charge constitutes a "meritorious defense" to a cause of action for an account stated. Smith asserts that his affidavit established that there existed a dispute on the account with JDF. Smith contends that he established both "good cause" and a "meritorious defense"; therefore, the trial court abused its discretion by failing to set aside the default. JDF maintains that Smith did not demonstrate either "good cause" or a "meritorious defense" as required by MCR 2.603(D). Accordingly, this Court should affirm the trial court's ruling. We shall discuss below further details of the parties' arguments.

### B. STANDARD OF REVIEW AND THE CONSTRUCTION OF COURT RULES

"The ruling on a motion to set aside a default or a default judgment is entrusted to the discretion of the trial court." *Alken-Ziegler, Inc v Waterbury Headers Corp*, 461 Mich 219, 227; 600 NW2d 638 (1999). Accordingly, "[a] trial court's decision regarding a motion to set aside a default judgment is reviewed for an abuse of discretion." *Epps v 4 Quarters Restoration LLC*, 498 Mich 518, 528; 872 NW2d 412 (2015). A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes. *Id.* Defaults and default judgments, as well as motions to set them aside, are governed by MCR 2.603, and "when construing a court rule, this Court employs the legal principles governing the application and construction of statutes." *Lawrence M Clarke, Inc v Richo Constr, Inc*, 489 Mich 265, 272; 803 NW2d 151 (2011). We review de novo the interpretation and application of court rules. *Safdar v Aziz*, 501 Mich 213, 217; 912 NW2d 511 (2018). "Court rules should be interpreted to effect the intent of the drafter, the Michigan Supreme Court." *In re Mota*, 334 Mich App 300, 311; 964 NW2d 881 (2020) (quotation marks and citation omitted). "Clear and unambiguous language contained in a court rule must be given its plain meaning and is enforced as written." *Id.*

### C. RULES AND PRINCIPLES – SETTING ASIDE A DEFAULT

MCR 2.603(D) provides, in pertinent part, as follows:

> (1) A motion to set aside a default or a default judgment, except when grounded on lack of jurisdiction over the defendant, shall be granted only if good cause is shown and a statement of facts showing a meritorious defense, verified in the manner prescribed by MCR 1.109(D)(3), is filed.

(2) Except as provided in MCR 2.612, if personal service was made on the party against whom the default was taken, the default, and default judgment if one has been entered, may be set aside only if the motion is filed

(a) before entry of a default judgment, or

(b) if a default judgment has been entered, within 21 days after the default judgment was entered.

(3) In addition, the court may set aside a default and a default judgment in accordance with MCR 2.612.[4]

"[A]lthough the law favors the determination of claims on the merits, it also has been said that the policy of this state is generally against setting aside defaults and default judgments that have been properly entered." *Alken-Ziegler*, 461 Mich at 229. In *Barclay v Crown Bldg & Dev, Inc*, 241 Mich App 639, 653; 617 NW2d 373 (2000), this Court stated:

[T]he Supreme Court [has] explained that the "good cause" and "meritorious defense" requirements of MCR 2.603(D)(1) are analytically different concepts and that a party must show both in order to prevail on a motion to set aside a default judgment. Good cause is established by (1) a procedural irregularity or defect, or (2) a reasonable excuse for not complying with the requirements that created the default. Manifest injustice is not a third form of good cause that excuses a failure to comply with the court rules where there is a meritorious defense. Rather,

---

[4] MCR 2.612(C)(1) provides:

On motion and on just terms, the court may relieve a party or the legal representative of a party from a final judgment, order, or proceeding on the following grounds:

(a) Mistake, inadvertence, surprise, or excusable neglect.

(b) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under MCR 2.611(B).

(c) Fraud (intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party.

(d) The judgment is void.

(e) The judgment has been satisfied, released, or discharged; a prior judgment on which it is based has been reversed or otherwise vacated; or it is no longer equitable that the judgment should have prospective application.

(f) Any other reason justifying relief from the operation of the judgment.

it is the result that would occur if a default were not set aside where a party has satisfied the "good cause" and "meritorious defense" requirements of the court rule. While a lesser showing of good cause will suffice where the meritorious defense is strong, good cause must still be shown in order to prevent a manifest injustice. [Citations omitted.]

In *Shawl v Spence Bros, Inc*, 280 Mich App 213, 238-239; 760 NW2d 674 (2008), this Court distilled the various factors that courts can consider in examining whether "good cause" or a "meritorious defense" has been demonstrated:

To reiterate, the following lists are intended to provide guidance to the trial courts in determining whether a party has shown "good cause" and a "meritorious defense" under MCR 2.603(D)(1) such that setting aside a default judgment is proper under the totality of the circumstances.

In determining whether a party has shown good cause, the trial court should consider the following factors:

(1) whether the party completely failed to respond or simply missed the deadline to file;

(2) if the party simply missed the deadline to file, how long after the deadline the filing occurred;

(3) the duration between entry of the default judgment and the filing of the motion to set aside the judgment;

(4) whether there was defective process or notice;

(5) the circumstances behind the failure to file or file timely;

(6) whether the failure was knowing or intentional;

(7) the size of the judgment and the amount of costs due under MCR 2.603(D)(4);

(8) whether the default judgment results in an ongoing liability (as with paternity or child support); and

(9) if an insurer is involved, whether internal policies of the company were followed.

In determining whether a defendant has a meritorious defense, the trial court should consider whether the affidavit contains evidence that:

(1) the plaintiff cannot prove or defendant can disprove an element of the claim or a statutory requirement;

(2) a ground for summary disposition exists under MCR 2.116(C)(2), (3), (5), (6), (7) or (8); or

(3) the plaintiff's claim rests on evidence that is inadmissible.

Neither of these lists is intended to be exhaustive or exclusive. Additionally, as with the factors provided in other contexts, the trial court should consider only relevant factors, and it is within the trial court's discretion to determine how much weight any single factor should receive. [Citations omitted.]


## D. DISCUSSION AND RESOLUTION

### 1. MERITORIOUS DEFENSE

Smith first notes that JDF's complaint did not specifically identify any cause of action. Smith, however, then concludes that "[e]xamining the complaint as a whole, it appears that [JDF] pled sufficient facts to support a claim for account stated, which requires mutual assent of the parties to an account." Smith argues that his affidavit—in which he averred that he had objected to and challenged the charges—established that there was no mutual assent; therefore, a cause of action for an account stated would fail. Accordingly, the affidavit demonstrated a "meritorious defense." Smith further contends:

The trial court in this case concluded that Smith's dispute lies with GreenMark, not with [JDF]. However, whether Smith also has a claim against GreenMark is not material to this case. The question is whether Smith's timely dispute of the charge is a meritorious defense to [JDF's] account stated claim. Since Smith's timely dispute means that there was never a mutual assent to the charge, it is potentially a complete bar to [JDF's] claim, and certainly a meritorious defense in this case.

The trial court therefore erred in finding that a timely dispute was not a meritorious defense to [JDF's] claim. The trial court's decision on Smith's motion was based on an erroneous application of law, and should therefore be reviewed de novo.

JDF responds that its complaint alleged a straightforward claim for breach of contract. JDF argues that Smith does not dispute entering into the Agreement and that Smith does not dispute that he failed to pay as agreed to under the terms of the Agreement; therefore, Smith does not dispute materially breaching the Agreement. JDF maintains that Smith's dispute is with GreenMark, whom Smith accused of performing unsatisfactory work, yet Smith has taken no action against GreenMark. JDF claims as untrue Smith's averment that he had objected to the charges after the work was performed. JDF additionally asserts that Smith's conclusory claim that he disputed the charges to JDF was not supported by any evidence and that Smith's affidavit provided no facts, thereby rendering it ineffective to show a "meritorious defense." And to the

-8-

extent that Smith's alleged dispute with JDF existed, Smith never complied with JDF's dispute process, which entailed writing a letter to JDF to claim an error in the monthly statement.

In his reply brief, Smith mainly relies on his attorney's statements made at the hearing on the motion to set aside the default, which statements referred to Smith's purported interactions with JDF personnel and counsel's offer to the court to have Smith testify.

An "account stated" is a contract based on the assent of the parties to an agreed balance, and it constitutes an evidentiary admission by the parties of the facts asserted in the computation and of the promise by the debtor to pay the amount due. *Cove Creek Condo Ass'n v Vistal Land & Home Dev, LLC*, 330 Mich App 679, 714; 950 NW2d 502 (2019). "The parties to an account stated need not expressly assent to the sum due, as there are instances when assent may be inferred from a party's inaction." *Id.* (quotation marks, citation, and brackets omitted).[5] "A party asserting a breach of contract must establish by a preponderance of the evidence that (1) there was a contract (2) which the other party breached (3) thereby resulting in damages to the party claiming breach." *Miller-Davis Co v Ahrens Constr, Inc*, 495 Mich 161, 178; 848 NW2d 95 (2017).

Our review of the complaint reveals that there were no allegations of an assent, express or inferred, to an agreed balance or sum due. Rather, JDF fairly clearly alleged a cause of action for breach of contract, indicating that Smith had committed "a material breach of the [a]ccount." Accordingly, Smith's argument that his mere objections to and challenge of the charges at issue constituted a "meritorious defense" necessarily fails. We also find that Smith's affidavit was deficient with respect to his objections. In *Huntington Nat'l Bank v Ristich*, 292 Mich App 376, 392; 808 NW2d 511 (2011), this Court observed:

> MCR 2.603(D)(1) requires an affidavit of facts establishing a meritorious defense. The purpose of an affidavit of meritorious defense is to inform the trial court whether the defaulted defendant has a meritorious defense to the action. Such an affidavit requires the affiant to have personal knowledge of the facts, *state admissible facts with particularity*, and show that the affiant can testify competently to the facts set forth in the affidavit. [Citations omitted; emphasis added.]

Smith's affidavit never indicated that he objected to the monthly statements directly to JDF; defense counsel's assertion at the hearing about Smith speaking to "Allie" at JDF is meaningless because it was not contained in the affidavit. Furthermore, neither the affidavit nor defense counsel's statements reflected that Smith had submitted a writing to JDF challenging the charges per the JDF process outlined in its statements.

With respect to JDF's cause of action for breach of contract, Smith averred in his affidavit that GreenMark had "billed twice the amount" that was "originally quoted" and that Smith was "never satisfied with the work that was done." Although these averments might constitute a "meritorious defense" in an action brought by GreenMark against Smith, they do not form a defense, meritorious or otherwise, against JDF for breach of the Agreement. JDF made full payment to GreenMark and then billed Smith under the credit Agreement; Smith did not pay off

---

[5] MCL 600.2145 concerns the proof needed to establish a claim for an account stated.

the balance. And even if these specific averments were somehow relevant to JDF's action for breach of contract, they lacked the necessary particularity regarding the original quote and why GreenMark should have abided by the quote and concerning why Smith was not satisfied with GreenMark's work performance.

In sum, we hold that the trial court did not err by ruling that Smith failed to present a "meritorious defense."

## 2. GOOD CAUSE

Smith and JDF essentially make the same arguments that they made below regarding "good cause." While the trial court appeared to lean toward finding a lack of "good cause," it ultimately did not make a determination on the issue because of its conclusion that there was no "meritorious defense." Given our ruling on the issue of "meritorious defense," the question of "good cause" is moot. That said, we cannot conclude that Smith established "good cause" for failing to file an answer to the complaint. There was no procedural irregularity or defect, nor a reasonable excuse for a complete failure in answering the complaint. *Barclay*, 241 Mich App at 653. Importantly, "a lay defendant's lack of knowledge of the law and its consequences will not necessarily provide a reasonable excuse and good cause to set aside a default." *Reed v Walsh*, 170 Mich App 61, 65; 427 NW2d 588 (1988). The gist of Smith's position was lack of knowledge of the law and its consequences, which simply do not suffice to establish "good cause."

We affirm. Having fully prevailed on appeal, JDF may tax costs under MCR 7.219.

/s/ David H. Sawyer
/s/ Jane E. Markey
/s/ Brock A. Swartzle

-10-