*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DIONNE MCKISSACK,

        Plaintiff-Appellee,

v

RASHONDA MITCHELL and TIMOTHY
ROLAND,

        Defendants,

and

BERNICE O'BRYANT, NATANDRA O'BRYANT,
and MARVA TAYLOR,

        Defendants-Appellants.

UNPUBLISHED
April 10, 2026
1:21 PM

No. 373698
Wayne Circuit Court
LC No. 23-011342-NO

Before: KOROBKIN, P.J., and YOUNG and BAZZI, JJ.

PER CURIAM.

Defendants Bernice O'Bryant ("Bernice"), Natandra O'Bryant ("Natandra"),[1] and Marva Taylor ("Taylor") appeal as of right the $1,000,000 default judgment entered against them on December 3, 2024.[2] Defendants assert they established both good cause and a meritorious defense such that their motion to set aside the default should have been granted. We disagree and instead affirm.

---

[1] Given that Bernice O'Bryant, Natandra O'Bryant, and Gloria O'Bryant share the same last name, this opinion will refer to these individuals by their first names.

[2] Two additional defendants, Rashonda Mitchell and Timothy Roland, are not parties to this appeal. Unless otherwise specified, our use of the term "defendants" in this opinion refers only to Bernice, Natandra, and Taylor.

-1-

## I. FACTUAL AND PROCEDURAL HISTORY

This case arose after plaintiff Dionne McKissack was attacked by two dogs. On July 14, 2023, McKissack was on her front lawn and noticed the two dogs. She recognized the dogs as the same dogs from the home directly behind hers at 8250 Beaverland Road. Rashonda Mitchell and Timothy Roland were living in the home at 8250 Beaverland Road at this time, and Mitchell owned the two dogs.

These two dogs mauled McKissack. McKissack underwent seven surgeries, a blood transfusion, and spent 31 days in the hospital receiving treatment. Two of McKissack's surgeries involved replacing a damaged vein in her arm with a vein from her leg. McKissack has no feeling on the back of her arm and cannot use her right hand. Before the attack, McKissack worked as an in-home health aide. Because of her injuries caused by the dog attack, McKissack can no longer work and needs a caregiver herself.

On August 31, 2023, McKissack filed a complaint against Mitchell and Roland for negligence and strict liability regarding the dog attack. Neither Mitchell nor Roland responded to the complaint, and on November 1, 2023, McKissack's attorney filed a request for an entry of default against Mitchell and Roland.

Bernice and Natandra came into title of 8250 Beaverland Road by inheriting the property from their mother, Gloria O'Bryant. Taylor is Gloria's granddaughter and was added to title of 8250 Beaverland Roas as a joint tenant with Gloria before her death. After discovering this ownership history, McKissack moved to amend her complaint and add Bernice, Natandra, and Taylor as defendants in February 2024. An amended complaint adding defendants was filed on March 28, 2024. It is undisputed that Bernice, Natandra and Taylor were properly served with the summons and complaint for the instant matter.

Neither of the three defendants answered the complaint. Sometime after being served, Bernice telephoned McKissack's attorney's office twice. Bernice talked with personnel at McKissack's attorney's office, and asserted that neither Natandra, Taylor, nor herself lived at 8250 Beaverland Road, and that neither defendant had given permission for anyone to live there nor had knowledge of dogs being kept at the property. On a second phone call to McKissack's counsel's office, Bernice denied owning 8250 Beaverland Road. Subsequently, Bernice retrieved mail from 8250 Beaverland Road that was addressed to persons other than Bernice, Natandra, and Taylor, and submitted that mail to McKissack's attorney to show that neither of the three defendants resided at the property. Proof of the phone calls and the delivery of mail beyond testimony are not in the record.

Default was entered against Bernice and Natandra on May 22, 2024, and Taylor on July 3, 2024. On September 10, 2024, McKissack filed a motion for entry of default judgment against all five defendants in the amount of $1,000,000. Bernice, Natandra, and Taylor state that they appeared without counsel for an October 26, 2024, hearing on the motion that was held via Zoom. Neither of the three defendants was able to communicate with the court because of difficulties navigating the hearing interface. However, Natandra successfully navigated to a breakout room on Zoom with McKissack's attorney, where she was advised to retain counsel. We have no

transcript of this hearing in our record. The hearing was adjourned and Bernice, Natandra, and Taylor retained counsel the same day.

Defendants' counsel filed a motion to set aside the default on October 29, 2024. Affidavits from Bernice, Natandra, and Taylor that accompanied the motion asserted that none of the defendants 1) had dominion or control over the property, 2) lived at the property, 3) were aware of nor permitted any person to live at the property, 4) owned the dogs, or 5) had control of the dogs that were kept at 8250 Beaverland Road that attacked McKissack. McKissack filed an answer to defendants' motion, asking that the trial court deny the motion because defendants could not establish good cause or a meritorious defense. A rescheduled hearing was held on November 22, 2024. At that hearing, counsel for plaintiff argued that defendants had not presented good cause, noting "even to this day, there's still no answer filed." Counsel for defendants argued defendants made some efforts, albeit not by filing an answer, but by contacting plaintiff's counsel twice. The trial court noted that "it's not incumbent upon plaintiff's attorney to provide legal counsel to the defendants," and ultimately observed, "I have not heard anything about good cause." For that reason, the trial court denied defendants' motion to set aside default.

The trial court entered an order denying defendants' motion to set aside the default on November 27, 2024. On that same day, the court heard arguments on plaintiff's motion for entry of default judgment. Defendants and their counsel did not appear. The court took testimony from plaintiff about the extent of her injuries and ongoing mental and physical recovery. The court entered an order granting McKissack's motion to enter a default judgment in the amount of $1,000,000. Defendants now appeal.

## II. ANALYSIS

### A. STANDARD OF REVIEW

This Court reviews a decision on a motion to set aside a default for an abuse of discretion. *Shawl v Spence Bros, Inc*, 280 Mich App 213, 220; 760 NW2d 674 (2008). The law favors resolving claims on their merits yet follows a policy of honoring "properly entered" default judgments from a lower court provided that no abuse of discretion is shown. *Huntington Nat'l Bank v Ristich*, 292 Mich App 376, 390; 808 NW2d 511 (2011). "Where there has been a valid exercise of discretion, appellate review is sharply limited." *Alken-Ziegler, Inc v Waterbury Headers Corp*, 461 Mich 219, 227; 600 NW2d 638 (1999). "Unless there has been a clear abuse of discretion, a trial court's ruling will not be set aside." *Id*. "[A]n abuse of discretion occurs only when the trial court's decision is outside the range of reasonable and principled outcomes." *Saffian v Simmons*, 477 Mich 8, 12; 27 NW2d 132 (2007).

### B. LEGAL BACKGROUND

MCR 2.603(D)(1) provides that "a motion to set aside a default or a default judgment, except when grounded on lack of jurisdiction over the defendant, shall be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed." This Court has reinforced that 'good cause' and 'a meritorious defense' are distinct elements that should be considered separately. *Shawl*, 280 Mich App at 233. "Manifest injustice . . . would occur if a

-3-

default were to be allowed to stand where a party has satisfied the 'meritorious defense' and 'good cause' requirements of the court rule." *Huntington Nat'l Bank*, 292 Mich App at 390.

## C.  THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN DENYING THE MOTION TO SET ASIDE THE DEFAULT AS DEFENDANTS FAILED TO SHOW GOOD CAUSE

The defendant bears the burden of bringing evidence to demonstrate good cause in a motion to set aside a default.  *Saffian*, 477 Mich at 15.  To determine whether good cause has been shown, Michigan courts employ a "totality of the circumstances test" using the following nonexhaustive list of factors:

(1) whether the party completely failed to respond or simply missed the deadline to file;

(2) if the party simply missed the deadline to file, how long after the deadline the filing occurred;

(3) the duration between entry of the default judgment and the filing of the motion to set aside the judgment;

(4) whether there was defective process or notice;

(5) the circumstances behind the failure to file or file timely;

(6) whether the failure was knowing or intentional;

(7) the size of the judgment and the amount of costs due under MCR 2.603(D)(4);

(8) whether the default judgment results in an ongoing liability (as with paternity or child support); and

(9) if an insurer is involved, whether internal policies of the company were followed.

*Shawl*, 280 Mich App at 238.

While the trial court did not expressly apply the totality of the circumstances test, it considered the relevant factors on the record.  To revisit each, we begin with the first factor, whether the party completely failed to respond or simply missed the deadline to file.  A formal written pleading in response to a complaint is required pursuant to MCR 2.111.  Here, Bernice, Natandra and Taylor did not file an answer as required by MCR 2.108(A)(1).  Instead, Bernice asserts that after being served, she telephoned opposing counsel's office twice where she spoke with staff there, after which Bernice sent mail from 8250 Beaverland Road.  However, as the trial court observed, the plain language of the court rule requires a filing with the court, which Bernice, Natandra and Taylor failed to do.  Because the defendants failed to respond to the court completely, the first factor weighs against the defendants showing good cause.

As to the next factor, the defendants did not file late; they never filed an answer to the complaint at all.  The second factor weighs against a showing of good cause.

Moving to the third factor, this Court considers the duration between entry of the default judgment and the filing of the motion to set aside the judgment. Michigan court rules provide that the filing of a motion to set aside must occur "if judgment has been entered, within 21 days after the default was entered." MCR 2.603(D)(2)(b). Here, Bernice, Natandra, and Taylor retained counsel on the day of the hearing on the motion for entry of default judgment, on October 25, 2024. Defendants' counsel promptly filed a motion to set aside the default on October 29, 2024, only four days later, and before a default judgment was entered. Thus, this factor weighs in favor of a showing of good cause.

The fourth factor considers whether there was defective process or notice in serving the summons and complaint to the defendants. Here, it is undisputed that Bernice, Natandra and Taylor were properly served. The fourth factor weighs against a showing of good cause.

In consideration of the fifth factor, this Court examines the circumstances behind the failure to file or file timely. Here, defendants attempted to appear at the hearing on the motion for entry of default judgment held via Zoom on October 25, 2024, where they were able to log on but not communicate with the court. However, Bernice was able to access a breakout room during the hearing with McKissack's attorney. Defendants assert that "as lay persons, [they] misunderstood the legal requirement to file a written answer," and explain they thought that appearing at the hearing was sufficient. But the summons and complaint received by all three defendants included a deadline for filing a response. Similarly, the notice of hearing on the motion for entry of default judgment that Bernice, Natandra, and Taylor subsequently received also listed a date and time to appear, along with a website link to access the hearing online. Because defendants understood the date, time and how to access the hearing on the motion for entry of default judgment, one can reasonably infer that the same defendants could understand the 21-day deadline to file an answer to the complaint as well. The fifth factor weighs against a showing of good cause.

The sixth factor considers whether the failure to respond was knowing or intentional. Here, Bernice, Natandra and Taylor assert they did not understand they had to file an answer within 21 days. But given that defendants did comprehend they should log on to a Zoom hearing on a specific date at a certain time but did not act at all as to the answer deadline, this factor could only be at best, neutral.

Moving to the seventh factor, we consider the size of the judgment and the amount of costs due under MCR 2.603(D)(4). Here, the trial court entered a default judgment of $1,000,000 against all defendants. The size of the judgment is intended to compensate McKissack for pain, suffering, disfigurement, continued in-home care, and her inability to work that will likely last for the rest of her life. One million dollars is a substantial amount, even split between the parties, but it is also an amount that defendants do not contest in this Court and did not appear to contest in the trial court. The seventh and eighth factors, then, given that defendants do not contest the size of the judgment, only weigh slightly in favor of a showing of good cause. The ninth factor applies only when the default involves an insurer, which is not the case here, so this factor is not considered.

The totality of the circumstances weighs against a showing of good cause to set aside the default in this case. The factors that favor defendants do so because of their incomplete understanding of the law and legal process, but the trial court was correct in finding that ignorance alone is not considered good cause to set aside a default. *Reed v Walsh*, 170 Mich App 61, 65;

427 NW2d 588 (1988) (lay defendant's lack of knowledge of the law and its consequences will not necessarily provide a reasonable excuse and good cause to set aside a default); see also *Miller v Rondeau*, 174 Mich App 483, 489; 436 NW2d 397 (1989) (where defendants "talked to a couple of lawyers" but "somehow did not get things done" did not qualify as a reasonable excuse for missing the deadline to file).

As a general matter, good cause and meritorious defense, while distinct elements, are typically both considered because:

> When a party puts forth a meritorious defense . . . the strength of the defense . . . will affect the "good cause" showing that is necessary. In other words, if a party states a meritorious defense that would be absolute if proven, a lesser showing of "good cause" will be required than if the defense were weaker, in order to prevent a manifest injustice. [*Huntington Nat'l Bank*, 292 Mich App at 391 (quotation marks and citation omitted).]

But here, the trial court was correct in deciding not to reach the meritorious defense analysis because there was *no* good cause shown. Even if we agreed defendants had a possible meritorious defense, this record lacks any indication, let alone a "clear" one, that the trial court's ruling on setting aside default was outside the range of reasonable outcomes.

We affirm.

/s/ Daniel S. Korobkin
/s/ Adrienne N. Young
/s/ Mariam S. Bazzi

-6-